STATE, ex rel. CROCKETT, Petitioner, v. ALVIS, Warden, Respondent.

Ohio Appeals, Second District, Franklin County.

No. 4540.   Decided March 8, 1951.

Otis C. Buchanan, Columbus, for petitioner.
C. William O'Neill, Atty. Genl., Max H. Dennis, Asst. Atty. Genl., Columbus, for respondent.

## OPINION

By MILLER, J.

This is an action in habeas corpus originating in this Court. The record reveals that on September 20, 1948, the petitioner was charged with failing to provide for his minor child in violation of §13008 GC; that on May 23, 1949, a plea of guilty was entered and sentence was deferred and the defendant was placed on probation for five years on condition that he pay ten dollars per week for the support of his child and report to the sheriff of Washington County monthly. On June 8, 1950, the petitioner was brought before the court charged with violating the terms of his probation. He admitted the

violation, the judgment entry reciting the procedure in detail as follows:

"* * * The defendant, John W. Crockett, having admitted that he had not reported to the sheriff or made the payments as ordered by the court on May 23rd, 1949, the postponement of the imposition of sentence was set aside.

"The Prosecutor made a statement, and Attorney Henderson spoke in behalf of his client.

"The Court, being fully advised in the premises, asked the defendant, John W. Crockett, if he had anything to say why judgment should not be pronounced against him; and having nothing to say but what he has already said:

"It is therefore the sentence of the Court, that the said defendant, John W. Crockett, serve not less than one (1) nor more than three (3) years in the Ohio State Penitentiary, and that he pay the costs of this prosecution, taxed at Fifty-three and 65/100 Dollars ($53.65).

"The Prosecutor, Ernest E. Erb, is hereby appointed Trustee to receive any benefits for the defendant's child."

One of the grounds urged by the petitioner is that he did not receive a proper judicial inquiry as required by §13452-7 GC. This section merely requires that when brought before the judge or magistrate he shall "inquire into the conduct of the defendant" which the record clearly reveals was done here. The charges were admitted to be true. Thereupon counsel were permitted to make their statements in behalf of the State and the defense. The procedure followed meets the requirements of the statute and conforms to the rule announced in the case of **State of Ohio v. Skypeck, 77 Oh Ap 225.**

A transcript of docket and journal entries has been introduced in evidence which shows that prior to the petitioner's arrest on this charge a divorce was granted to the wife and he was ordered to pay five dollars per week as support money for the child. Mr. Erb, the Prosecuting Attorney, was the attorney for the wife in the divorce action and for this reason it is claimed that he acted in a dual capacity, both as attorney for the wife and as Prosecuting Attorney, which prevented him from having the proper judicial inquiry. We are unable to see how this could have affected the nature of the hearing in any manner whatsoever. The petitioner was in court with his counsel and admitted the truth of the charges. It is also urged by the petitioner that under §13452-1, et seq., GC, he could not be placed on probation for a period of time in excess of the maximum sentence; therefore the court had no jurisdiction at the time sentence was pronounced. Several cases are cited holding this to be the law under former §§13710

and **13711 GC,** but these sections have been repealed and the present statute §13452-5 GC became effective on October 18, 1933. This section provides:

"The probation provided for in this chapter shall continue for such period as the judge or magistrate shall determine, and may be extended from time to time, the total period, however, not exceeding five years, * * *."

The petitioner relies on §13452-1 GC which provides that: "* * * such judge or magistrate may suspend the imposition of the sentence and place the defendant on probation in the manner provided by law, * * *."

It will be noted that this section places no limitation upon the probationary period as claimed by petitioner but merely provides that the probationer's sentence must be in the manner provided by law. Secs. **13452-1** and **13452-5 GC** must be construed together and in so doing it must be determined that §13452-5 GC defines the probationary period of time.

The application will be denied.

HORNBECK, PJ, WISEMAN, J, concur.