### Rummell v. Racing Commission
### Case No. 14291
### Summit County, (9th)
### Decided February 28, 1990
### [Cite as 1 AOA 349]

*Jewel N. Klein, Attorney at Law, 250 S. Wacker Dr., Penthouse, Chicago, IL 60606 for Plaintiff. Thomas Sicuro, Attorney at Law, P. O. Box 167, Ravenna, OH 44266 for Plaintiff.*

*Robert W. Patchen, Asst. Attorney General, 30 E. Broad St., 10th Floor, Columbus, OH 43266 for Defendant.*

HAYES, J.

The sole issue presented in this appeal is whether the Ohio State Racing Commission ("Commission") has the authority, pursuant to Ohio Adm. Code 3769-18-01 *et seq.*, to modify plaintiff-appellant, Thomas A. Rummel's, license suspension from five months to five years. Because we hold that the Commission has no such authority, we reverse the reinstate the original suspension imposed by the Board of Stewards.

Blood and urine samples taken on August 19, 1988 from two horses, which were trained by Rummel, tested positive for morphine. An inspector of the Commission conducted a search of Rummel on August 29, 1988. The inspector found a syringe, needle, and bottle of injectable Anadiol. As a result of these three violations, the Board of Stewards ("Stewards") suspended Rummel for a total of one hundred fifty days until January 28, 1989 and fined him $750. Rummel appealed all three rulings to the

Commission and the Stewards referred Rulings 265 and 266 to the Commission for its consideration. The Stewards did not refer Ruling 267 concerning Rummel's possession of the syringe, needle, and injectable substance to the Commission. The Commission held a formal hearing on December 21, 1988 and asked for time to consider the case. The Commission then asked Rummel to appear at a second hearing on January 26, 1989. At the conclusion of the second hearing, Rummel's license was revoked and he was prohibited from applying for a new license for a period of five years. He was also fined $250.

Rummel raises five assignments of error.

### ASSIGNMENTS OF ERROR
"I. The trial court affirmed the decision of the Ohio State Racing Commission without a reasonable basis.
"IV. The penalty imposed on Rummel was in excess of the Commission's rules and policy.
"V. The Commission abused its discretion."

Because the first, fourth, and fifth assignments of error concern the Commission's authority to impose a five-year license suspension, they will be addressed together.

The proper standard for review is set forth in R.C. 119.12 which provides:

"* * *.
"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law..."
"* * *."

Ordinarily the court may not substitute its judgment for that of the agency unless it finds that there is not a pre-ponderance of reliable, probative, and substantial evidence to support the agency's decision. *Dudukovich* v. *Housing Authority* (1979), 58 Ohio St. 2d 202, 207. In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order, while the trial court examines the evidence, the appellate court determines only if the trial court has abused its discretion. *Lorain City Bd. of Edn.* v. *State Emp. Relations Bd.* (1988), 40 Ohio St. 3d 257, 260-61.

Because the parties have stipulated that the three violations occurred, we are left to determine whether the additional sanction imposed by the Commission is supported by reliable, probative, and substantial evidence. In considering the appropriateness of the sanction, the trial court is limited to determining whether the sanction is within the range of acceptable choices for the particular infraction. *Hale* v. *Ohio State Veterinary Medical Bd.* (1988), 47 Ohio App. 3d 167, 169.

Rummel's violation of Ohio Adm. Code 3769-18-01 (B) (2) would subject him to the penalty contained in Ohio Admin. Code 3769-18-01 (B) (13).

Ohio Adm. Code 3769-18-01 (B) (2) provides in part:.

"* * *.
"(B) It shall be the intent of this rule to protect the integrity of horse racing, to guard the health of the horse, and to safeguard the interests of the public and the racing participants through the prohibition or control of all drugs and medications or substances foreign to the natural horse. In this context:
"* * *.
"(2) No person licensed by the Ohio state tracing [sic] commission, other than a veterinarian, shall have in his/her possession any equipment for hypodermic administration. No person licensed by the Ohio state racing commission shall have in his/her possession any foreign substance which is considered a prescription drug or prescription medication, unless it is for an existing condition and is prescribed by a veterinarian."
"* * *."

Ohio Adm. Code 3769-18-01 (B) (13) provides:

"* * *.
"(13) The judges may fine any licensee who violates paragraphs (B) (2) to (B) (11) of this rule an amount not in excess of two hundred fifty dollars and/or suspend any Ohio state racing commission license held by such licensee for a period not to exceed sixty days and/or refer the matter to the

commission for its consideration.

"The commission may on its own motion, or in addition to any penalty assessed by the judges, revoke or suspend any Ohio state racing commission license held by any person who violates this rule or refuse to grant a license to any person who violates this rule." "* * *."

Accordingly, the regulation specifically limits the scope of authority of the Board of Stewards, but not of the Commission. The Commission contends that there is no limit to its authority to suspend a license in such an instance. We disagree.

It is a fundamental rule of statutory construction that statutes relating to the same or similar subject matter, where a case requires the application of both, be read together as a single statute. For example, where one section of the code imposes no limitation on the duration of a probationary period, the limitation included by another section must control. *State, ex rel. Crockett*, v. *Alvis* (1951), 63 Ohio Abs. 129, 131. In this instance, only Ohio Adm. Code 3769-18-02 contains any defined limitation on the possible length of suspension.

Ohio Adm. Code 3769-18-02(A), the Ohio insurer rule, essentially imposes liability without fault upon a trainer of record who enters a horse into a race when that horse has been administered any chemical or drug. *O'Daniel* v. *Racing Comm.* 1974, 37 Ohio St. 2d 87, 90. The penalty for a violation of the absolute insurer rule is contained in Ohio Adm. Code 3769-18-02 (B), which provides:

"* * *.

"(B) The judges may fine any licensee who violates this rule a amount not in excess of two hundred fifty dollars and/or suspend any Ohio state racing commission license held by such licensee for a period not to exceed sixty days and/or refer the matter to the commission for its consideration. The commission may on its own motion, or in addition to any penalty assessed by judges, revoke or suspend any Ohio state racing commission license held by any person who violates this rule and/or rule off for a period of up to one year and/or refuse to grant a license to any person who violates this rule."

This section has been interpreted to impose a one year limitations on a trainer's license suspension, per violation of the absolute insurer rule. See *Womack* v. *Ohio State Racing Comm.* (June 17, 1982), Franklin App. No. 81 AP-874, unreported. Accordingly, the Commission could properly suspend Rummel for up to two years pursuant to Ohio Adm. Code 3769-18-02(B); one year for each of the violations.

Ohio Adm. Code 3769-18-99(B) provides:

"(B) In addition to any other penalty provided, or in the event no penalty has been provided, the commission, may, upon finding a licensee has violated a rule of this chapter, fine the licensee an amount not in excess of the amount prescribed by law and/or deny, suspend or revoke any Ohio state racing commission, license held by the licensee and/or rule off any such licensee from all Ohio race tracks."
"* * *."

Because no other penalty has been specifically provided for in these rules and regulations, we hold that Ohio Adm. Code 3769-18-99 3769-18-01(B) (2) and (B) (13) must be read in *pari materia* and construed together with 3769-18-02(B). Therefore, the Commission has the authority to suspend Rummel's sentence for a total of three years; one year for each violation. Accordingly, it exceeded its authority by imposing a five-year suspension. We may properly modify Rummel's suspension because the penalty imposed by the Commission was not within its scope of authority. See *Conners* v. *Ohio Dept. of Commerce* (1982), 7 Ohio App. 3d 237.

Therefore, we vacate the five-year suspension imposed by the Commission and reinstate the penalty imposed by the Board of Stewards. However, we are aware that Rummel has been suspended for seventeen months instead of the five months imposed by the Board of Stewards.

The assignments of error are well taken.

### ASSIGNMENT OF ERROR II
"The Ohio State Racing Commission failed to give Rummel fair warning of the nature of the hearing."

Rummel contends that the Commission improperly increased his license suspension when he appealed the Stewards' decision pursuant to Ohio Adm. Code 3769-17-14 and when the Stewards did not "refer his case to the

Commission for further consideration. We disagree.

The rules and regulations contained in Chapter 3769 clearly state that the Commission may add to any penalty assessed by the judge. *See, e.g.,* Ohio Adm. Code 3769-18-01(D)(3); 3769-18-92(B); 3769-18-99(B). Moreover, the board of Steward's Rulings specifically referred two of the three rulings to the Commission.

The second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

"The Commission's attorney wrongfully implied that Rummel was guilty of an offense greater than that charged."

The record neither supports such a contention, nor was Rummel prejudiced by the error if it did occur because of our disposition of his other assignments of error.

The assignment of error is overruled.

The judgment of the Court of Common Pleas is reversed and the order of the Commission imposing a five-year license suspension and a $250 fine is vacated; the original ruling by the Board of Stewards imposing a one hundred fifty day suspension and $750 fine is reinstated.

The Court finds that there were reasonable grounds for this appeal.

We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to un. App. R. 22(E).

CACIOPPO, P. J., CIRIGLIANO, J., Concur.

(Hayes, J., Judge of the Domestic Relations Court in Portage County, sitting by assignment pursuant to Article IV, Section 5(A)(3), Constitution).