CONNERS, APPELLANT, *v.* OHIO DEPARTMENT OF COMMERCE, DIV. OF REAL ESTATE, APPELLEE.

(No. C-810790—Decided June 23, 1982.)

*Mr. George A. Diersing, Jr.,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Michael L. Squillace,* for appellee.

BLACK, J. The single question raised in this appeal is whether the Ohio Real Estate Commission ("commission") committed error reversible under R.C. 119.12 when it modified the recommendation of its hearing examiner by changing the duration of the disciplinary suspension of appellant's license as a real estate broker from seven days to sixty days, without stating its reasons for the increase of penalty. We agree with the learned jurist of the court below that the modification in this instance was not reversible error and that the sixty-day suspension must be affirmed.

Appellant, Thomas J. Conners, was charged with several violations of R.C. 4735.18. Pursuant to R.C. Chapter 119, an adjudication hearing was duly held before a hearing examiner appointed by the commission. The hearing examiner made a written report including findings of fact, conclusions of law, discussion and recommendations. The conclusion was that appellant received an earnest money deposit made under a conditional offer to purchase a bar and failed to deposit it in his trust account. The other charges were not proved. The recommendation of the hearing examiner was that appellant be found to have violated R.C. 4735.18(Z), but not the other parts of R.C. 4735.18, and that his license as a real estate broker be suspended for seven days. Upon consideration of the report, the commission found appellant to have violated R.C. 4735.18(Z) and suspended his license for sixty days, but failed to include in the record of its proceedings the reasons for this modification.

R.C. 119.09 states, in part, "* * * if the agency [the Ohio Real Estate Commission, in this case] modifies or disapproves the recommendations of the referee or examiner it shall include in the record of its proceedings the reasons for such modification or disapproval."

The only issue presented on appeal[1] is whether the failure of the commission to include on the record the reasons for its modification is such an error as will require the court of common pleas, to which appeal was duly taken under R.C. 119.12, to reverse, vacate or modify the commission order because it was not "in accordance with law."

While the use of the word "shall" suggests a mandatory duty, this factor alone is not determinative. Other factors must be considered, particularly the situation to which the statutory provisions apply. The Ohio Supreme Court ruled in *Henry's Cafe, Inc.* v. *Bd. of Liquor Control* (1959), 170 Ohio St. 233 [10 O.O.2d 177], paragraph three of the syllabus, that R.C. 119.12 gives the court of common pleas "no authority to modify a penalty that the agency was authorized to and did impose, on the ground that the agency abused its discretion." The Supreme Court rejected the rule we had adopted in *Jenkins* v. *Bd. of Real Estate Examiners* (1958), 106 Ohio App. 391 [7 O.O. 2d 154], to the effect that the administrative penalty can be reversed if not supported by reliable, probative and substantial evidence. Under the Supreme Court rule, if the penalty imposed is within the scope of the authority granted to the administrative agency, the judiciary cannot reverse, vacate or modify

---

[1] Appellant presented another issue under his single assignment of error, to the effect that the trial court erred in holding that the commission's order finding a violation of R.C. 4735.18(Z) was supported by reliable, probative and substantial evidence. This is, in essence, an issue about the weight of the evidence. This claim was abandoned during oral argument.

it. Since we cannot review the penalty, the failure to state why the commission increased it has no legal significance on appeal. The requirement that the commission state its reasons for a modification is directory, not mandatory.

The single assignment of error has no merit. We affirm.

*Judgment affirmed.*

SHANNON, P.J., and DOAN, J., concur.