SICKING, Appellee,

v.

STATE MEDICAL BOARD, Appellant.

[Cite as *Sicking v. Ohio State Medical Bd.* (1991), 62 Ohio App.3d 387.]

Court of Appeals of Ohio.

No. 90AP–931.

Decided Feb. 8, 1991.

388

*Benesch, Friedlander, Coplan & Aronoff, N. Victor Goodman, James F. DeLeone* and *Orla E. Collier,* for appellee.

*Lee I. Fisher,* Attorney General, and *John C. Dowling,* for appellant.

REILLY, Presiding Judge.

Appellant, the State Medical Board of Ohio ("board"), appeals from a judgment of the Franklin County Court of Common Pleas modifying its permanent revocation of appellee's license to practice medicine.

In November 1986, appellee Daniel T. Sicking, M.D., pled guilty to five counts of aggravated drug trafficking under R.C. 2925.03(A)(1). Shortly thereafter, the board sent appellee notice that he could request a hearing on the board's allegation that he had violated four separate provisions of R.C. 4731.22(B).

A hearing was held before the board's hearing examiner on January 16, 1987. At the hearing, appellee admitted to the facts upon which the felony convictions were based. During a six-week period, he had repeatedly prescribed a Schedule II narcotic pain reliever, Dilaudid, to two admitted drug addicts. These prescriptions were well in excess of the recommended dosages. While denying that he exchanged the drugs for sex with the two women, he admitted having sexual relations with both women in his office immediately before or after he prescribed the drugs. Moreover, neither patient paid for the examinations and, with only one exception, they were never billed for the prescriptions written by appellee.

The state also presented the testimony of an investigating agent, Bruce Koehn, who testified that appellee admitted to him that he had exchanged the drugs for sex. Appellee expressed remorse for his acts and explained that he only sought to ease the patients' withdrawal pains while they attempted to gain entrance to treatment programs. However, neither patient actually entered a treatment program during the time she was under his care.

Appellee offered the affidavit of one of the patients who stated that he was concerned for her welfare and urged her to enter a treatment program. In rebuttal, the state offered a handwritten statement signed by the other patient stating that appellee expected sexual relations with her before a prescription would be written.

The hearing examiner, on March 6, 1989, issued a report recommending that appellee's license to practice medicine be revoked based on R.C. 4731.22(B), which states in part:

"(2) Failure to use reasonable care discrimination in the administration of drugs, or failure to employ acceptable scientific methods in the selection of drugs or other modalities for treatment of disease;

"(3) Selling, prescribing, giving away, or administering drugs for other than legal and legitimate therapeutic purposes or conviction of violation of any federal or state law regulating the possession, distribution, or use of any drug;

"* * *

"(6) A departure from, or the failure to conform to, minimal standards of care of similar practitioners under the same or similar circumstances, whether or not actual injury to a patient is established;

"* * *

"(9) Conviction of a felony whether or not committed in the course of his practice[.]"

Appellee filed objections to the hearing examiner's report, and the board held a hearing at which time appellee's counsel personally addressed the board. Appellee did not object to the hearing examiner's conclusion that he had committed the offenses alleged, but disputed only the recommendation that his license be permanently revoked. He explained that appellee had successfully completed a sentence of probation as a result of his convictions, had been released by his psychiatrist, and had been reinstated by two Cincinnati hospitals. Appellee's counsel also offered additional documentary evidence of rehabilitation which the board refused to accept. Counsel did not, however, make a proffer of the rejected evidence.

The board adopted the hearing examiner's report and ordered that appellee's license be permanently revoked. Appellee filed an appeal in the Franklin County Court of Common Pleas. The court admitted as additional evidence the documents which the board had refused to accept. The case was then submitted to the court and appellee offered, over the board's objection, a twelve-page proposed decision which the court ultimately signed and issued as the opinion of the court. The decision indicates that the court found a lack of reliable, probative and substantial evidence in the record to support violations of R.C. 4731.22(B)(2), (3) and (6); that the board's order was contrary to law in that it violated R.C. 4731.23(A), which requires that a hearing examiner issue a report within thirty days following the hearing; and that the board abused its discretion in refusing to accept additional evidence at the hearing and thereby denied the right of due process. The board's order was reversed and vacated, and the court issued a modified order limiting appellee's license for one year. Specifically, appellee was ordered to complete all conditions of his probation arising from the criminal convictions, not seek reinstatement of his authority to prescribe scheduled drugs, submit to continued monitoring of his practice, have a nurse in attendance during examinations of female patients, and otherwise comply with R.C. Chapter 4731.

The board filed this appeal, advancing the following assignments of error:

"I. The common pleas court incorrectly applied current R.C. 4731.23(A) and ruled that the issuance of the hearing examiner's report and recommendation on March 3, 1989 rendered the board's order not in accordance with law and constituted a violation of Sicking's right to due process of law.

"II. The common pleas court erred and abused its discretion by admitting and basing its judgment on additional evidence concerning events which occurred after the administrative hearing.

"III. The common pleas court erred and abused its discretion by entering the decision and order drafted and submitted by Sicking's counsel without leave of court, without the agreement of counsel and contrary to R.C. 119.12.

"IV. The common pleas court abused its discretion by ruling that the board's order is not supported by reliable, probative and substantial evidence."

In its first assignment of error, the board contends that the court erred in applying amended R.C. 4731.23(A) to the facts of this case. This statute was amended effective March 17, 1987, two months after the initial hearing, but well before the report was issued. The statute now provides that the hearing examiner must issue a report within thirty days following the close of the hearing. The trial court applied the amended statute, and concluded that the board's order was not in accordance with law, since the hearing officer's report was issued well after the time directed.

■ This court recently held that R.C. 4731.23(A) is directory rather than mandatory, and that as a result no error can be shown in the hearing officer's failure to issue a report within the designated time. *In re Raymundo* (Apr. 5, 1990), Franklin App. No. 89AP–1221, unreported, 1990 WL 40013. As the statute is directory, failure to comply with the statute is not grounds for reversal, absent a definite statutory mandate to the contrary.

Appellee seeks to distinguish *Raymundo* by asserting that he was prejudiced by the lengthy delay in this case. In *Raymundo*, the court noted that, even if such a delay constituted error, no prejudice was shown in that case. This is an alternative ground upon which the judgment may be sustained, and does not imply that reversible error may be demonstrated by the hearing officer's failure to comply with R.C. 4731.23(A) if prejudice is shown. As the statute is merely directory, reversal or modification of the board's order on this ground is improper.[1]

The first assignment of error is well taken.

In the second assignment of error, the board maintains that the trial court erred in admitting additional evidence pursuant to R.C. 119.12. On appellee's motion, and over the board's objection, the court admitted into evidence a number of letters attesting to appellee's good character and successful rehabilitation. The parties stipulated that this evidence was offered to the board, which refused to accept it.

■ R.C. 119.12 provides that " * * * the court may grant a request for the admission of additional evidence when satisfied that such additional evidence is newly discovered and could not with reasonable diligence have been ascer-

---

1. Neither is the delay a denial of due process. Appellee's reliance on *Federal Deposit Ins. Co. v. Mallen* (1988), 486 U.S. 230, 108 S.Ct. 1780, 100 L.Ed.2d 265, and *Behan v. Dover* (D.Del.1976), 419 F.Supp. 562, affirmed (C.A.3, 1977), 559 F.2d 1207, is misplaced as both cases concerned a delay in holding a post-deprivation hearing and in this case the delayed hearing was held prior to the revocation of appellee's license.

tained prior to the hearing before the agency." Otherwise, the court is confined to the record certified by the agency. This evidence was available prior to the hearing before the board and was actually offered to the board at its hearing. Thus, the evidence is not newly discovered and may not be admitted as additional evidence pursuant to R.C. 119.12.

■ R.C. 119.09 provides that when an agency holds a hearing at which a hearing examiner's report is considered, it may order additional testimony to be taken or permit the introduction of further documentary evidence. In this case, the board's hearing was held over a year after the close of the evidentiary hearing. Ordinarily, it would be an abuse of discretion to refuse to admit new evidence when such a long period of time has intervened between the hearing examiner's evidentiary hearing and the board's hearing. In this case, however, appellee was not prejudiced as his attorney had summarized this evidence in oral objections to the board, which was fully aware of the facts contained in the documents offered to it and admitted by the common pleas court.

■ In any event, such an error may not be corrected by a motion to admit additional evidence in a reviewing court. R.C. 119.09 provides that " * * * if the agency refuses to admit evidence, the party offering the same shall make a proffer thereof, and such proffer shall be made a part of the record of such hearing." No proffer was made in this case, and the disputed evidence is not contained in the record certified by the board at the time of its decision. This rule is intended to maintain the integrity of proceedings before the agency. Except in the case of new evidence unavailable at the hearing before the agency, a reviewing court is limited to the record certified by the agency. Evidence excluded by an agency must be made part of the agency record of proceedings before error may be predicated on the agency's ruling.

The second assignment of error is well taken.

The third assignment of error concerns the court's adoption of a twelve-page decision and order submitted to the court, but not filed with the clerk by appellee's counsel. The board contends that the use of this procedure is not in accordance with law.

■ Neither case law nor statute specifically prohibits a court from adopting a proposed decision and order offered by a party to the case. Civ.R. 52 provides that the parties may submit proposed findings of fact and conclusions of law. The submission of a proposed decision in an administrative appeal is similar. The adoption of a proposed decision is not reversible error.

The third assignment of error is not well taken.

In the fourth assignment of error, the board maintains that the court erred in ruling that the board's order was not supported by reliable, probative and substantial evidence. Under R.C. Chapter 119, we may reverse only upon a showing that the court abused its discretion by entering a judgment without a reasonable basis, one that is clearly wrong. *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 161, 11 OBR 242, 243, 463 N.E.2d 1280, 1282.

■ As a preliminary matter, appellee contends that this court is without jurisdiction to review this assignment of error. R.C. 119.12 provides that an agency may appeal a judgment of the court of common pleas "[o]nly upon questions of law relating to the constitutionality, construction and interpretation of statutes and rules and regulations of the agency, but when such appeal is perfected the reviewing court has jurisdiction to review and determine the correctness of the judgment of the Court of Common Pleas that the order of the agency is not supported by any reliable, probative and substantial evidence in the entire record." *Katz v. Dept. of Liquor Control* (1957), 166 Ohio St. 229, 2 O.O.2d 54, 141 N.E.2d 294, syllabus. In this case, the board has appealed a question of law regarding the construction and interpretation of R.C. 4731.23(A). When an agency properly appeals such a question of law, the appellate court has jurisdiction to determine whether the other court's ruling is supported by reliable, probative and substantial evidence. *Miller v. Dept. of Indus. Relations* (1985), 17 Ohio St.3d 226, 227, 17 OBR 466, 479 N.E.2d 254, 255.

The common pleas court ruled that the board's order finding violations of R.C. 4731.22(B)(2), (3) and (6) was not supported by reliable, probative and substantial evidence. The court, however, found sufficient evidence to support a violation of R.C. 4731.22(B)(9).

■ A violation of R.C. 4731.22(B)(3) may be established by a conviction of any state law regulating the possession, distribution or use of any drug. It is undisputed that appellee was convicted of a state law regulating the distribution of drugs, aggravated drug trafficking. Consequently, there is more than sufficient evidence to support the board's order on this point.

■ The remaining sections, R.C. 4731.22(B)(2) and (6), address the "failure to use reasonable care [and] discrimination in the administration of drugs" and a "departure from * * * minimal standards of care of similar practitioners. * * *" The common pleas court concluded that these two charges were founded upon allegations that appellee prescribed drugs in exchange for sex with his patients, rather than for legitimate purposes. The court's determina-

tion that these charges were not supported by the evidence is contrary to the testimony presented to the board's hearing examiner.

Appellee admitted to repeated sexual encounters with both women in his office and during office hours. He admitted that the women never paid for their office visits. He admitted that on each occasion he wrote the patient a prescription for Dilaudid. He admitted that on one occasion a patient attempted to perform a sexual act, but was unable to do so, and at this time he gave her a prescription for five Dilaudids. Later in the day, the same patient returned and this time performed a sexual act. Appellee then gave her a prescription for fifteen Dilaudids. There was also the testimony of agent Koehn, who stated that appellee admitted exchanging the drugs for sex.

Appellee's emphasis on the handwritten narrative statement offered by the state in rebuttal is misplaced. Even if it constitutes hearsay and was erroneously admitted, there is sufficient evidence aside from the disputed statement to support the board's order. In any case, the statement is mentioned only once in the hearing officer's findings of fact, and the facts for which it is cited are fully supported by appellee's testimony.

Finally, even if two of the four violations were unsupported by reliable, probative and substantial evidence, the common pleas court erroneously modified the board's penalty. R.C. 4731.22(B) provides that the board may limit, revoke or suspend a medical license upon finding a violation of any of the four charges brought. In *Henry's Cafe, Inc. v. Bd. of Liquor Control* (1959), 170 Ohio St. 233, 10 O.O.2d 177, 163 N.E.2d 678, paragraph three of the syllabus, the court held that " * * * the court of common pleas has no authority to modify a penalty that the agency was authorized to and did impose, on the ground that the agency abused its discretion." Where the court of common pleas determines that a given violation is supported by reliable, probative and substantial evidence, and the penalty imposed is within the scope of the authority granted to the agency, the court may not substitute its judgment for that of the agency and modify the penalty imposed. *Keaton v. State* (1981), 2 Ohio App.3d 480, 2 OBR 606, 442 N.E.2d 1315; *Brost v. State Medical Bd.* (June 28, 1990), Franklin App. No. 89AP–1488, unreported, 1990 WL 93943; *Conners v. Ohio Dept. of Commerce* (1982), 7 Ohio App.3d 237, 7 OBR 300, 455 N.E.2d 9. In sum, once the court determined that there was sufficient evidence supporting one of the four charges, it had no authority to modify the penalty lawfully imposed by the board.

The fourth assignment of error is well taken.

Appellant's first, second and fourth assignments of error are sustained and the third assignment of error is overruled. The judgment of the Franklin

County Court of Common Pleas is reversed, and the case is remanded with instructions that the order of the State Medical Board be reinstated.

*Judgment reversed*
*and cause remanded.*

BOWMAN and ROGER L. KLINE, JJ., concur.

ROGER L. KLINE, J., of the Pickaway County Court of Common Pleas, sitting by assignment.