LADD, Appellee,

v.

**OHIO COUNSELOR AND SOCIAL WORKER BOARD, Appellant.**

[Cite as *Ladd v. Ohio Counselor & Social Worker Bd.* (1991), 76 Ohio App.3d 323.]

Court of Appeals of Ohio,
Fulton County.

No. 90FU000019.

Decided Nov. 22, 1991.

*Mark L. Powers,* for appellee.

*Lee Fisher,* Attorney General, and *Ronda S. Anderson,* Assistant Attorney General, for appellant.

———

*Per Curiam.*

This is an appeal from a judgment of the Fulton County Court of Common Pleas which reversed the administrative decision of appellant, Ohio Counselor and Social Worker Board ("board"), which had denied the application of appellee, Dr. Kenneth P. Ladd, for licensure as a professional counselor without clinical endorsement. The board appealed that judgment and assigns as error:

"FIRST ASSIGNMENT OF ERROR

"The court of common pleas erred in interpreting the board's 'grandfathering' provision, § 4(G) of Amended Substitute H.B. [No.] 205 so as to find that appellee met the qualifications for licensure as a professional counselor.

"a. Appellee does not hold a doctoral degree which is recognized by [R.C.] Chapter 4757; therefore, no coursework taken in pursuit of this degree may be considered.

"b. Appell[ee] has not demonstrated coursework in the requisite number of content areas to have a 'closely related' degree to counseling even considering both his bachelor's and his master's degrees.

"SECOND ASSIGNMENT OF ERROR

"The court of common pleas erred in interpreting § 119.12 as giving it authority to conduct an independent evaluation of appellee's qualifications for a professional counselor's license without a clinical endorsement."

On August 29, 1985, appellee filed an application with the board seeking to be licensed as a professional counselor with clinical endorsement. R.C. 4757.07, effective October 10, 1984, mandates that all individuals applying for such licensure must meet stringent educational requirements and pass an examination administered by the board for the purpose of determining their ability to be a professional counselor either with or without clinical endorsement. However, the enacting legislation contains a grandparenting provision, Am.Sub.H.B. No. 205 (140 Ohio Laws, Part I, 2246, 2259, 2274–2275), which permits any qualifying applicant who submitted an application on or before October 10, 1985 to obtain licensure without taking the examination. Pursuant to Am.Sub.H.B. No. 205, the board promulgated rules, Ohio Adm.Code 4757–5–01 *et seq.*, setting forth the educational and experience requirements needed for licensure under the grandparenting provisions.

Appellee provided transcripts and his employment history to the board at its request. Appellee received a bachelor of arts degree from Huntington College in 1962. His "core subject" was psychology. In 1966, appellee obtained a master of divinity degree from United Theological Seminary and, in 1983, by means of correspondence, a doctorate in psychology from the University of Beverly Hills. The University of Beverly Hills, no longer in existence, was not an accredited university or college.

On September 22, 1989, the board notified appellee of its intent to deny his application for licensure as a professional counselor either with or without clinical endorsement. The notice informed appellee that he possessed neither the educational and experience requirements needed under Section 4(G) of Am.Sub.H.B. No. 205 nor those necessary for licensure under Section 4(E) of Am.Sub.H.B. No. 205. Appellee requested a hearing.

At the hearing, held on November 9, 1989, appellee was questioned as to the content of his undergraduate and graduate courses as it related to ten areas of counselor training listed in Ohio Adm.Code 4757–5–01(B).[1] In order to be

---

1. Ohio Adm.Code 4757–5–01(B) provides, in pertinent part:

considered qualified to be a professional counselor with clinical endorsement, appellee had to demonstrate that his master's degree was in a field "closely related" to a like degree in counseling. This was ascertained by, *inter alia*, determining whether the content of his undergraduate and graduate courses was equivalent to the first three areas defined in, respectively, Ohio Adm. Code 4757–5–01(B)(1), Ohio Adm.Code 4757–5–01(B)(2), and Ohio Adm.Code 4757–5–01(B)(3), *and* in five of the other named seven areas. In order to be eligible for a license as a professional counselor without clinical endorsement, appellee had to demonstrate that he held a bachelor's degree in a field closely related to that of a counselor by showing that his coursework was the

"(1) Counseling theory: includes a study of basic theories and principles of counseling and philosophic bases of the helping relationship; and,

"(2) Counseling techniques: includes individual counseling practices, methods, facilitative skills, and the application of these skills; and,

"(3) Either a supervised practicum or a supervised internship.

"(a) A 'supervised practicum' is the provision, under supervision, of counseling to bona fide clients and groups seeking services from counselors. A practicum in all cases must be under the direction of a qualified graduate faculty member, and must include critiquing of counseling either observed or recorded on audio or video tape.

"(b) A 'supervised internship' is an actual on-the-job experience in professional counseling under the tutelage of an on-site supervisor who is a licensed, or license-eligible, professional counselor, or related mental health professional.

"(4) In addition to the required graduate coursework in counseling theory, counseling techniques, and supervised counseling practicum/internship, an applicant with a master's or doctoral degree in a field closely related to counseling must present at least one graduate course in each of at least five of the following areas:

"(a) Human growth and development: includes studies that provide a broad understanding of the nature and needs of individuals at all developmental levels. Emphasis is placed on psychological, sociological, and physiological approaches. Also included are areas such as human behavior (normal and abnormal), personality theory, and learning theory;

"(b) Social and cultural foundations: includes studies of change, ethnic groups, subcultures, changing roles of women, sexism, urban and rural societies, population patterns, cultural mores, use of leisure time, and differing life patterns;

"(c) Group dynamics, processing, and counseling: includes theory and types of groups, as well as descriptions of group practices, methods, dynamics and facilitative skills. Also includes supervised practice;

"(d) Life-style and career development: includes areas such as vocational-choice theory, relationship between career choice and life-style, sources of occupational and educational information, approaches to career decision-making processes, and career development exploration techniques;

"(e) Appraisal of the individual: includes the development of a framework for understanding the individual, including methods of data-gathering and interpretation, individual and group testing, case study approaches and the study of individual differences. Ethnic, cultural, and sex factors also are considered;

"(f) Research and evaluation: includes areas such as statistics, research design, the development of research and demonstration proposals, as well as the development and evaluation of program objectives;

"(g) Professional, legal, and ethical responsibilities: includes goals and objectives of professional counseling organizations, codes of ethics, legal considerations, standards of preparation, certification and licensing, and the role identity of counselors."

functional equivalent of five of the ten counseling areas in Ohio Adm.Code 4757–5–02(B). When questioned, appellee had difficulty recalling, with any exactitude, the content of the relevant course work at Huntington College and the United Theological Seminary. That is, he could not relate the particular aspects of a course listed on his transcripts, *e.g.*, Psychology 32, which would indicate that the content of the course met the requirements of one of the counselor training areas.

An expert witness, Dr. Thomas E. Davis, examined appellee's transcripts and listened to appellee's testimony. Based upon this evidence, Davis was of the opinion that appellee's recognized undergraduate and graduate course-work satisfied only three of the ten counselor training areas. Davis testified that appellee had failed to provide course descriptions. Addressing each area separately in his testimony, Davis stated whether or not appellee's testimony revealed that a particular course or courses met the requirements of a specific area.

On January 25, 1989, the board issued its final order denying appellee's request for licensure. Appellee timely appealed this order, pursuant to R.C. 119.12, to the Fulton County Court of Common Pleas. On November 21, 1990, the common pleas court filed a judgment entry in which it affirmed the order of the board insofar as to its denial of appellee's application for licensure as a professional counselor with clinical endorsement. However, the court went on to find that appellee was qualified for a license as a professional counselor without clinical endorsement and reversed that portion of the board's order. The rationale for the trial court's reversal shall be discussed below.

Prior to addressing the issues raised by appellant, we shall consider appellee's assertion relative to whether this court has jurisdiction to consider this appeal.[2]

Pursuant to R.C. 119.12, an appeal of a common pleas judgment adverse to an administrative agency can be taken only on "questions of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency * * *." Thus, an agency may appeal from a common pleas court's review of an agency decision only upon questions of law. *Katz v. Ohio Dept. of Liquor Control* (1957), 166 Ohio St. 229, 2 O.O.2d 54, 141 N.E.2d 294. Therefore, where it is clear that the common pleas court's judgment was made entirely upon the evidence, the agency cannot appeal.

---

**2.** Appellee filed a motion to dismiss this appeal based upon a lack of jurisdiction. This court denied the motion to dismiss because it necessitated a consideration of the merits of this cause. Appellee again raised the jurisdictional issue in his brief. After considering the merits of this appeal, we reject his assertions as to lack of jurisdiction.

*Miller v. Ohio Dept. of Indus. Relations* (1985), 17 Ohio St.3d 226, 227, 17 OBR 466, 467, 479 N.E.2d 254, 256. Furthermore, when the trial court has made no specific determination as to the meaning of a statute, rule or regulation, the court of appeals is without jurisdiction to review that court's judgment. *Mentor Marinas, Inc. v. Bd. of Liquor Control* (1964), 1 Ohio App.2d 219, 223–224, 30 O.O.2d 252, 253–254, 204 N.E.2d 404, 407–408. However, in determining whether jurisdiction is established, a court of appeals may look beyond the trial court's specific holding and refer to the entire journal entry and the record of the proceedings below. *A.B. Jac., Inc. v. Liquor Control Comm.* (1972), 29 Ohio St.2d 139, 58 O.O.2d 342, 280 N.E.2d 371, paragraph two of the syllabus.

■ In the case before us, the trial court held that on the issue of whether appellee was entitled to licensure as a professional counselor without clinical endorsement the "Board overstepped its authority and made findings not supported by the record nor [*sic*] the facts of this case." In reaching this holding, the common pleas court considered the meaning of "closely related degree" in Ohio Adm.Code 4757–5–02(A) and interpreted "coursework" for the purposes of satisfying Section 4(E) of Am.Sub.H.B. No. 205, Ohio Adm.Code 4757–5–01(B), and Ohio Adm.Code 4757–5–02. In addition, the court opined "H.B. 205 is somewhat arbitrary and unreasonable, perhaps fatally so" because it fails to take into consideration the content of courses taught several years ago and does not permit the inclusion of continuing education courses as "coursework." The court then specifically based, in part, its finding that appellee was entitled to licensure as a professional counselor without clinical endorsement upon the continuing education courses in which appellee had participated. The court below then proceeded to apply the doctrines of equitable estoppel and unconscionability to administrative proceedings governed by particular statutes, rules and regulations which, on their face, do not provide for the application of such legal doctrines. Clearly, the trial court's judgment entry reflects that the court engaged in the interpretation of pertinent statutes and rules and made specific determinations as to the meaning of the same. Appellant's assignments of error address these interpretations and the standard of review applied by the trial court. Accordingly, we conclude that this court has the jurisdiction to entertain this appeal. In so finding, we further note that, pursuant to R.C. 119.12, this court may " * * * also review and determine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record."

The sole question before this court is whether appellee has the requisite educational qualifications for licensure as a professional counselor without clinical endorsement under the grandparenting provisions of Am.Sub.H.B. No. 205 and Ohio Adm.Code Chapter 4757. The board is not disputing appellee's qualifications in the area of experience. Appellee raises no error as to the trial court's affirmance of the board's decision denying him licensure as a professional counselor with clinical endorsement. These issues shall, therefore, not be considered by this court.

■ In its first assignment of error, the board asserts that the trial court erred in its interpretation of the counselor grandparenting provisions of Ohio Adm.Code 4757–5–01 *et seq.* and Am.Sub.H.B. No. 205 in order to find that appellee met the qualifications for licensure as a professional counselor without clinical endorsement. Specifically, the board contends that the trial court erred in interpreting the educational requirements necessary to establish that appellee could be licensed pursuant to Section 4(E) of Am.Sub.H.B. No. 205.

Section 4(E) of Am.Sub.H.B. No. 205 provides:

"The education and examination requirements of division (A) of section 4757.07 of the Revised Code do not apply to any person who, within one year after the effective date of Sections 1 and 2 of this act, applies for licensure as a professional counselor if the person is at the time of application engaged in counseling or the supervision of counseling or directly involved in the administration and policy division of a counseling program, has had not less than ten years of experience in counseling, experience in the supervision of counseling, or direct involvement in the administration and policy division of a counseling program during the fifteen years immediately preceding the date of application, and holds a bachelor's degree in a field closely related to counseling as determined by Board rule and do not apply to that person when he applies for renewal of his license as a professional counselor."

Ohio Adm.Code 4757–5–02 was promulgated by the board in accordance with Section 4(E) of Am.Sub.H.B. No. 205 and sets forth additional requirements for licensure as a professional counselor for those applicants without a master's or doctoral degree in counseling. Those requirements which are pertinent to the instant case are, in summary: a bachelor's degree in a field closely related to counseling must be a degree which (1) shows evidence of coursework, inclusive of undergraduate coursework, in at least five of the ten areas of counselor training, or their equivalent, as defined in Ohio Adm.Code 4757–5–01(B)(1) to Ohio Adm.Code 4757–5–01(B)(4)(g), see Ohio Adm.Code 4757–5–02(A)(1) and (A)(2); (2) the coursework must be documented under the requirements of Ohio Adm.Code 4757–5–01(B)(5), see Ohio Adm.Code 4757–5–

02(A)(3); (3) the applicant must at the time that the application is filed be employed in counseling, the supervision of counseling, or directly involved in the administration or policy division of a counseling program as verified on a form prescribed by the board, see Ohio Adm.Code 4757–5–02(B); and (4) the applicant must provide documentation on a form prescribed by the board of the fact that he or she has a minimum of ten years paid experience in one of the aforementioned areas of counseling during the fifteen years immediately preceding the date of the application, see Ohio Adm.Code 4757–5–02(C)(1).

Appellant admits that under Ohio Adm.Code 4757–5–01, a degree in *any* academic field could be closely related to a counseling degree for licensure purposes so long as the applicant's curriculum, inclusive of coursework studied in the pursuit of both undergraduate and graduate degrees, satisfies the minimum coursework requirements of Ohio Adm.Code 4757–5–01(B). Nonetheless, the board contends that the trial court misconstrued "coursework" and included courses taken by appellee which were not "coursework" within the definition of the rule in order to satisfy the educational requirement.

Ohio Adm.Code. 4757–3–01(J) defines "coursework" as "college or university courses at an accredited educational institution in which the applicant was enrolled for credit and for which the applicant received an average grade of 'C' or higher."

In its judgment entry, the trial court did not, as claimed by the board, rely on courses taken at the University of Beverly Hills, an unaccredited university, to reach its decision. Instead, the court below found:

"A review of the record clearly supports Appellant's contention that he meets the requirements of the grandfathering clause under Sec. 4(G) of A.S.H.B. 205, O.A.C. 4757–5–02(A), 03(B), and 4757–5–01, to qualify as a counselor without clinical endorsement status. Dr. Ladd's educational background, viewed in the context of his undergraduate coursework, his recognized degree work, his continuing education, his experience, and the testimonial affirmation of patients and peers qualifies Appellant under such provision. The Court further notes that [the] State's failure to timely pursue this matter in the first instance, as stated in the Court's earlier ruling, works an equitable estoppel in this case. It is of further note that in the evidentiary hearings the record is devoid of any allegation or evidence Appellant engaged in any wrongdoing or malpractice."

A perusal of the court's finding makes clear that it did consider matters, other than those falling within the board's definition of "coursework," for the purpose of finding that appellee was qualified for licensure as a professional counselor without clinical endorsement. Apparently, the trial court based this

holding upon the fact that appellee's bachelor of arts degree was premised upon a major in psychology and upon that portion of Ohio Adm.Code 4757–5–02(A)(1) which states that a closely related degree is one which shows "evidence of coursework in at least five of the ten areas of counselor training, *or their equivalent* as defined in paragraphs (B)(1) to (B)(4)(g) of rule 4757–5–01 of the Administrative Code." (Emphasis added.) We cannot agree with this construction of the rule. First, Ohio Adm.Code 4757–5–02(A) provides that a bachelor's degree in a field closely related to counseling includes a degree in psychology *and* evidence of that coursework required under Ohio Adm.Code 4757–5–02(A)(1). Thus, having a bachelor of arts degree with a major in psychology does not automatically satisfy the definition of "closely related degree" to counseling. Second, the phrase "or their equivalent" emphasized by the trial court in its judgment entry does not modify "coursework." Rather, we find that phrase modifies "areas of counselor training." Had the legislature intended otherwise, "or their equivalent" would have been placed, as required by the rules of syntax, next to the words in the sentence being modified. Strunk & White, The Elements of Style (3 Ed.1979) 30. See, also, *Motorist Mut. Ins. Co. v. Andrews* (Sept. 20, 1991), Sandusky App. No. S–91–4, unreported, 1991 WL 254207. Therefore, while the educational courses which are equivalent in content to the areas of counselor training cited in Ohio Adm.Code 4757–5–01(B) may be considered in determining licensure eligibility, such educational courses must still meet the board's definition of "coursework" to satisfy the requirements of the counselor grandparenting provisions. Accordingly, continuing education, courses taken at the University of Beverly Hills and testimonial affirmation from patients and peers could not be considered in determining whether appellee was qualified to obtain licensure under the grandparenting provisions of Am.Sub. H.B. No. 205 and pertinent board rules. Because the trial court did interpret and apply the rules to include irrelevant matters, the board's first assignment of error is found well taken.

In its second assignment of error, the board contends that the trial court applied the wrong standard of review in reaching its decision. The board maintains that the lower court impermissibly substituted its judgment for that of the board.

The authority of a common pleas court in the review of an order of an administrative agency is limited to a decision as to whether the order is "supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12; *Ohio Dept. of Liquor Control v. Santucci* (1969), 17 Ohio St.2d 69, 46 O.O.2d 402, 246 N.E.2d 549. The Supreme Court of Ohio has held that a common pleas court's scope of review of an adminis-

trative order includes an appraisal of all evidence and a determination of the absence or presence of the requisite quantum of evidence. *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 67, 407 N.E.2d 1265, 1267. Because this process necessarily involves a consideration of the evidence, R.C. 119.12 permits, to a limited extent, a substitution of judgment by the reviewing (common pleas) court. *Id.* Nonetheless, when the evidence meets the standard or is uncontroverted, there is no statutory authority by which a trial court may reverse, vacate or modify the board's order. *Hale v. Ohio State Veterinary Med. Bd.* (1988), 47 Ohio App.3d 167, 169, 548 N.E.2d 247, 250; *Berezoski v. Ohio State Med. Bd.* (1988), 48 Ohio App.3d 231, 236, 549 N.E.2d 183, 188. Moreover, the reviewing court must give deference to the agency's interpretation of its own regulations. *Cuyahoga Cty. Bd. of Commrs. v. Ford* (1987), 35 Ohio App.3d 88, 92, 520 N.E.2d 1, 4. Under R.C. Chapter 119, this court may reverse the common pleas court only upon a showing that the court abused its discretion by entering a judgment without a reasonable basis, that is, a judgment that is clearly wrong. *Sicking v. Ohio State Med. Bd.* (1991), 62 Ohio App.3d 387, 394, 575 N.E.2d 881, 885.

In this case, the trial court went outside the standard set in Ohio Adm.Code 4757–5–01 *et seq.* in order to hold that appellee was qualified for licensure under the counselor grandparenting provisions. There is no indication in the lower court's judgment that it ever considered the testimony of the board's expert witness, Dr. Davis, as to appellee's educational qualifications. Davis testified that, in his opinion, appellee's undergraduate and graduate coursework would satisfy the content requirements of only three of the five areas of counselor training described in Ohio Adm.Code 4757–5–01(B)(1) through Ohio Adm.Code 4757–5–01(B)(4)(g). Appellee, himself, other than providing required academic transcripts, had difficulty in recalling and relating the content of his coursework. The burden was on appellee to demonstrate the content of that coursework. Ohio Adm.Code 4757–5–01(B)(5). A reading of the trial court's judgment reveals that the court recognized the deficiencies in the coursework and, by its own interpretation of the counselor grandparenting provisions and the application of equitable doctrines, reached a conclusion opposite to the evidence adduced at the board's hearing. In doing so, the trial court exceeded its authority to appraise the evidence and the limitations upon its power to substitute its judgment for that of the board. We find that the judgment of the common pleas court had no reasonable basis and, therefore, that the court abused its discretion in reversing the board's order. The board's second assignment of error is found well taken.

On consideration whereof, this court finds that substantial justice was not done the party complaining, and the judgment of the Fulton County Court of Common Pleas as to the eligibility of appellee for licensure as a professional

counselor without clinical endorsement is reversed. This cause is remanded to the trial court for entry of judgment. Costs of this appeal assessed to appellee.

*Judgment reversed.*

HANDWORK, P.J., ABOOD and MELVIN L. RESNICK, JJ., concur.