BROST, APPELLANT, *v.* STATE MEDICAL BOARD OF OHIO, APPELLEE.

[Cite as *Brost v. Ohio State Medical Bd.* (1991), 62 Ohio St.3d 218.]

(No. 90–1635—Submitted September 24, 1991—Decided December 18, 1991.)

*Tyack & Blackmore Co., L.P.A., Thomas M. Tyack* and *Angela F. Albert,* for appellant.

*Lee I. Fisher,* Attorney General, and *John C. Dowling,* for appellee.

*Bricker & Eckler, Martha Post Baxter* and *Catherine M. Ballard,* urging reversal for *amicus curiae,* Stouder Memorial Hospital.

DOUGLAS, J.   In her report to the board, the hearing examiner stated, in part, that:

"Dr. Brost's acts include knowingly furnishing drugs to an addict, prescribing without medical indication to the detriment of a patient, and misadministration of controlled substances. *For such acts, the Board's disciplinary guidelines indicate revocation as the minimum sanction.   * * *"* (Emphasis added.)

By the requisite vote of six members, the board adopted, without qualification, the hearing examiner's report.

The disciplinary guidelines referred to by the examiner have been adopted by the board.   The guidelines provide numerous categories of prohibited acts with corresponding maximum and minimum penalties.   The board, however, had not taken steps to adopt its disciplinary guidelines as properly promulgated rules.   See R.C. Chapter 119.

Brost argues that because the disciplinary guidelines have not been properly promulgated, any reliance on the guidelines by the board to the extent the board felt compelled to follow the examiner's recommendation and impose, at a minimum, permanent revocation, thereby precluding consideration of alternative sanctions provided in R.C. 4731.22(B), is contrary to law.

In addressing this issue, the court of appeals determined that the board did not apply its guidelines as binding authority.   The court reached this conclu-

sion by finding, in part,[2] that the hearing examiner considered, but rejected, mitigating factors and the board, prior to adopting the examiner's report, discussed the sanction.

We disagree with the court of appeals' conclusion. The fact that Brost did put forth mitigating testimony and certain board members (three of the eight who voted) did, indeed, discuss the appropriateness of the sanction, is not persuasive. Pursuant to the disciplinary guidelines, the hearing examiner recommended revocation "as the minimum sanction" for Brost's actions. The board adopted the examiner's entire report and without qualification. Under the circumstances, we are unable to conclude with any degree of certainty whether the board did or did not feel compelled to apply the guidelines as binding authority.

If, in fact, the board felt constrained to abide by the disciplinary guidelines without consideration of lesser sanctions provided in R.C. 4731.22(B), then the board's actions were, consequently, not in accordance with law. R.C. 4731.-22(B) provides that the board, "pursuant to an adjudicatory hearing under Chapter 119. of the Revised Code and by a vote of not less than six members, shall, to the extent permitted by law, limit, revoke, or suspend a certificate * * * or reprimand or place on probation the holder of a certificate * * *."

As noted, the General Assembly has granted the board a broad spectrum of sanctions from which to choose. Naturally, the General Assembly intended that the sanction selected by the board be proportionate to the prohibited act or acts committed by the doctor. Permanent revocation, of course, is the most serious penalty that the board can impose.

Accordingly, we reverse the judgment of the court of appeals, vacate the board's order and remand the cause to the board with instructions that the board may, but is not required, to impose the "minimum penalty" of revocation as set forth in its disciplinary guidelines. Rather, the board has the authority to also consider those sanctions provided in R.C. 4731.22(B) when assessing Brost's sanction.

*Judgment reversed*
*and cause remanded.*

SWEENEY, H. BROWN and RESNICK, JJ., concur.

MOYER, C.J., HOLMES and WRIGHT, JJ., dissent.

---

2. The court of appeals also found that the guidelines "apparently do not appear to have 'a general and uniform operation.' R.C. 119.01(C)." We need not address whether the guidelines are "rules" within R.C. 119.01(C). Our concern lies with whether the board thought the guidelines were binding authority, and not whether the guidelines fall within R.C. 119.01(C).

WRIGHT, J., dissenting. I respectfully dissent. In my view the majority opinion is at best an exercise in futility as to the ultimate result in this matter. I think it obvious that the so-called guidelines referred to in the majority opinion did not tie the board's hands—the board's vote was six to two in favor of revocation with two abstentions.

I have a measure of empathy with appellant and could well have joined a minority on the board who preferred a lesser sanction. However, what is unacceptable here is the substitution of our judgment for that of a board of appellant's peers. The board's decision was premised upon a doctor unquestionably "furnishing drugs to an addict, prescribing without medical indication to the detriment of a patient, and misadministration of controlled substances." We have sent a flawed and improper message to the public and the medical profession. I simply cannot endorse same.

HOLMES, J., concurs in the foregoing dissenting opinion.