GARWOOD, Appellee,

v.

**STATE MEDICAL BOARD OF OHIO, Appellant.**

[Cite as *Garwood v. State Med. Bd. of Ohio* (1998), 127 Ohio App.3d 530.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE10–1325.

Decided May 5, 1998.

*Kevin P. Byers*, for appellee.

*Betty D. Montgomery*, Attorney General, and *James M. McGovern*, Assistant Attorney General, for appellant.

TYACK, Judge.

On June 14, 1995, the State Medical Board of Ohio ("board") notified Richard M. Garwood, D.O., that it proposed to take disciplinary action against his license to practice osteopathic medicine and surgery in Ohio. The allegations supporting the board's action involved Dr. Garwood's prescribing of certain weight loss medications to fifteen patients.

A hearing was held before an attorney hearing examiner, who subsequently submitted a report and recommendation finding that Dr. Garwood violated R.C. 4731.22(B)(2), (3), (6), and (20). The hearing examiner recommended that Dr. Garwood's certificate to practice osteopathic medicine and surgery be permanently revoked, that the revocation be stayed and that Dr. Garwood's certificate be suspended for not less than eighteen months. The board approved the hearing examiner's proposed findings of fact, conclusions and order; however, it amended the proposed order as to the length of the suspension, reducing the suspension to not less than twelve months.

Dr. Garwood appealed to the Franklin County Court of Common Pleas. On July 24, 1997, the common pleas court rendered a decision, noting that the parties stipulated before the hearing examiner that certain violations had occurred. The court indicated that counsel implicitly agreed that the central consideration in the appeal was the sanction imposed, specifically, the length of the suspension.

The common pleas court concluded that the board's finding that violations occurred was supported by reliable, probative and substantial evidence. However, it found that the twelve-month suspension was not "similarly supported." As a result, the common pleas court vacated the penalty and remanded the matter to the board for consideration of the board's internal guidelines.

The board (hereinafter "appellant") has appealed to this court, assigning the following as error:

"1. The Franklin County Court of Common Pleas erred by independently applying the State Medical Board of Ohio's disciplinary guidelines in reviewing

the appropriateness of the sanction that the board imposed for Dr. Garwood's violations of R.C. 4731.22(B).

"2. After properly concluding that the State Medical Board of Ohio's finding that Dr. Garwood violated R.C. 4731.22(B) was supported by the requisite evidence and in accordance with law, the Franklin County Court of Common Pleas erred by vacating the board's lawfully imposed sanction."

Dr. Garwood (hereinafter "appellee") has filed a motion to dismiss, contending that appellant has no right to appeal under R.C. 119.12 because the common pleas court's decision was based wholly on consideration of the factual support for the penalty imposed. We address this motion first.

R.C. 119.12 provides for when an agency may appeal from the judgment of a common pleas court and states:

" * * * Such appeal by the agency shall be taken *on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency,* and in such appeal the court may also review and determine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record." (Emphasis added.)

 Appellee contends that the common pleas court did not construe or interpret any statutes or rules in reaching its decision but merely found that the sanction imposed was not supported by the evidence. It is true that under R.C. 119.12, an agency has the right to appeal only on questions of law pertaining to state statutes and rules and regulations promulgated by the agency. *Miller v. Ohio Dept. of Indus. Relations* (1985), 17 Ohio St.3d 226, 227, 17 OBR 466, 466–467, 479 N.E.2d 254, 255–256. It is not enough that the appeal be on a question of law—the question of law must relate to the constitutionality, construction or interpretation of a statute, rule or regulation. *Mentor Marinas, Inc. v. Ohio Bd. of Liquor Control* (1964), 1 Ohio App.2d 219, 222, 30 O.O.2d 252, 253, 204 N.E.2d 404, 406–407. Where it is clear that the common pleas court's judgment was made entirely upon the evidence, the agency cannot appeal. *Ladd v. Ohio Counselor & Social Worker Bd.* (1991), 76 Ohio App.3d 323, 328–329, 601 N.E.2d 617, 620–621.

Appellant asserts that in vacating the lawful sanction imposed, the common pleas court misinterpreted R.C. 4731.22(B) and, therefore, appellant can appeal. R.C. 4731.22(B) states, in part:

"The board * * * shall, to the extent permitted by law, limit, revoke, or suspend a certificate, refuse to register or refuse to reinstate an applicant, or reprimand or place on probation the holder of a certificate for one or more of the following reasons: * * * "

In R.C. 4731.22(B), the General Assembly has granted appellant a broad spectrum of sanctions from which to choose. *Brost v. Ohio State Med. Bd.* (1991), 62 Ohio St.3d 218, 221, 581 N.E.2d 515, 518. Here, appellant found, and the common pleas court affirmed the finding, that appellee committed several of the violations listed in R.C. 4731.22(B). Any *one* of those violations would support the sanction imposed by appellant here. See *Sicking v. State Med. Bd. of Ohio* (1991), 62 Ohio App.3d 387, 575 N.E.2d 881, motion to certify overruled in (1991), 60 Ohio St.3d 718, 574 N.E.2d 1079.

Hence, it has been held consistently that once the common pleas court finds that the existence of a violation is supported by reliable, probative and substantial evidence, it cannot modify a penalty authorized by R.C. 4731.22(B). *Roy v. Ohio State Med. Bd.* (1992), 80 Ohio App.3d 675, 683, 610 N.E.2d 562, 567–568; *DeBlanco v. Ohio State Med. Bd.* (1992), 78 Ohio App.3d 194, 202, 604 N.E.2d 212, 217, citing *Henry's Cafe, Inc. v. Bd. of Liquor Control* (1959), 170 Ohio St. 233, 10 O.O.2d 177, 163 N.E.2d 678; *Sicking, supra,* 62 Ohio App.3d at 395, 575 N.E.2d at 886–887. In the case at bar, however, the common pleas court failed to follow this line of reasoning.

The common pleas court stated that the case was factually distinguishable from *Henry's Cafe, supra.* The common pleas court did not indicate what facts it found distinguishable but went on to state that appellant had its own internal guidelines that set out aggravating and mitigating circumstances that are considered when imposing sanctions. The common pleas court noted that these guidelines are not promulgated rules. Indeed, appellant does not have to consider these guidelines but, instead, must consider the range of sanctions set forth in R.C. 4731.22(B). See *Brost, supra,* 62 Ohio St.3d at 221, 581 N.E.2d at 518; *Roy, supra,* 80 Ohio App.3d at 682–683, 610 N.E.2d at 566–568.

Despite this, the common pleas court stated that there was no substantial evidence that some or all of the aggravating circumstances were present, and there was significant evidence that mitigating circumstances were present. The common pleas court then indicated that the lack of consideration by appellant of its internal guidelines appeared to be unequal and arbitrary treatment of appellee. Accordingly, the common pleas court vacated the twelve-month suspension and remanded the cause to appellant for appropriate consideration of the internal guidelines.

Again, appellee contends that the common pleas court made only a factual determination—that the sanction imposed was not supported by reliable, probative, and substantial evidence and that, therefore, appellant cannot appeal. However, the common pleas court engaged in much more than a mere factual determination. At the very least, it implicitly misconstrued or misinterpreted R.C. 4731.22(B).

R.C. 4731.22(B) says nothing about internal guidelines or aggravating and mitigating circumstances as they relate to the sanction to be imposed. R.C. 4731.22(B) merely states that the appellant shall impose one of the sanctions listed if a violation is found. Hence, in imposing an additional requirement upon appellant (to consider its internal guidelines) in the exercise of its authority to impose sanctions pursuant to R.C. 4731.22(B), the common pleas court misinterpreted R.C. 4731.22(B).

This action by the common pleas court and appellant's appeal therefrom involve a question of law relating to the interpretation or construction of a statute, namely R.C. 4731.22(B). Therefore, appellant had the right to appeal under R.C. 119.12. Accordingly, appellee's motion to dismiss is denied.

We now reach the merits of appellant's appeal. As they are interrelated, appellant's assignments of error will be addressed together. Essentially, appellant contends that the common pleas court erred in vacating the lawful sanction imposed by appellant and in failing to follow the precedent set in *Henry's Cafe, supra,* and its progeny. As already discussed above, once the common pleas court determines that appellant's finding of a violation or violations is supported by reliable, probative, and substantial evidence, the court is precluded from interfering with or modifying the penalty as long as the penalty is authorized by law. See *Roy, DeBlanco* and*Sicking, supra.* See, also, *State Med. Bd. of Ohio v. Murray* (1993), 66 Ohio St.3d 527, 538, 613 N.E.2d 636, 644; *Orr v. State Med. Bd. of Ohio* (Mar. 31, 1998), Franklin App. No. 97APE09–1170, unreported, 1998 WL 151122.

Here, the common pleas court found that appellant's finding of violations was supported by reliable, probative and substantial evidence. Appellant imposed the lawful sanction of suspension pursuant to R.C. 4731.22(B). Hence, the common pleas court could not interfere with this lawful sanction but should have affirmed it. Accordingly, appellant's assignments of error are sustained.

Having sustained appellant's assignments of error, we reverse the judgment of the Franklin County Court of Common Pleas, and this cause is remanded to that court with instructions to reinstate the March 14, 1996 order (mailed March 26, 1996) of appellant-board suspending appellee's certificate to practice osteopathic medicine and surgery for not less than twelve months.

*Motion to dismiss denied;*
*judgment reversed*
*and cause remanded with instructions.*

DESHLER, P.J., and JOHN C. YOUNG, J., concur.