OPINION
Plaintiff-appellant James Wagner, Guardian of David Burkhart, Incompetent, appeals the November 4, 1999 Judgment Entry on Administrative Appeal entered by the Richland County Court of Common Pleas, affirming the decision of defendant-appellee Ohio Department of Human Services (hereinafter "ODHS") to deny David Burkhart, appellant's ward, medicaid benefits.
 STATEMENT OF THE FACTS AND CASE
On or about February 23, 1998, appellant submitted an application for medicaid benefits on behalf of David Burkhart to the Richland County Department of Human Services (hereinafter "RCDHS"). RCDHS conducted an initial interview with appellant on March 17, 1998, during which appellant reported David Burkhart was the beneficiary of a trust fund established by his father in 1989. As part of the standard eligibility verification process under the Ohio Administrative Code, RCDHS provided appellant with Form 7105, a verification request checklist, which requested certain information necessary before a determination of eligibility could made. RCDHS sent a follow-up letter to appellant on May 14, 1998. Appellant did not provide RCDHS with all the requested verifications until July 20, 1998. RCDHS denied appellant's application, finding David Burkhart's resources exceeded the resource limitation because the trust constituted an available resource. On October 1, 1998, appellant requested a State Hearing on RCDHS's denial of the application. After conducting a hearing on October 19, 1998, the Hearing Officer affirmed RCDHS's determination via Decision filed November 3, 1998. Appellant filed a Request for Administrative Appeal on November 17, 1998. Via Administrative Appeal Decision dated December 2, 1998, ODHS affirmed the State Hearing Officer's Decision. Pursuant to R.C.5101.35 and 119.12, appellant appealed ODHS's order to the Richland County Court of Common Pleas. Via Judgment Entry on Administrative Appeal filed November 4, 1999, the trial court affirmed the decision of ODHS, finding the determination was based upon reliable, probative, and substantial evidence, and was in accordance with law. It is from this judgment entry appellant appeals, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN DETERMINING THAT THE TRUST ASSETS BELONG TO APPELLANT MAKING HIM INELIGIBLE FOR MEDICAID.
 II. THE TRIAL COURT ERRED IN RULING THAT APPELLANT COULD NOT RAISE DUE PROCESS CONSTITUTIONAL ISSUES PROPERLY BEFORE IT.
 III. THE TRIAL COURT ERRED BECAUSE THE HEARING OFFICER BELOW WAS NOT AN ATTORNEY.
Any other facts relevant to our discussion of appellant's assignments of error shall be contained therein.
 I
In his first assignment of error, appellant maintains the trial court erred in determining the trust was an available asset, thereby making David Burkhart ineligible for medicaid benefits. We first note the appropriate standard of review. Appeals taken from an administrative agency's decision are governed by R.C. 119.12. "The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record * * * that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." Id. "The common pleas court must give due deference to the administrative resolution of evidentiary conflicts and must not substitute its judgment for that of the administrative agency." N.R., Inc. v. Ohio Liquor Control Comm. (1996), 113 Ohio App.3d 198, 202. "Moreover, the reviewing court must give deference to the agency's interpretation of its own regulations." Ladd v. Ohio Counselor 
Social Worker Bd. (1991), 76 Ohio App.3d 323, 333. In reviewing a decision of a common pleas court which determines whether an agency's order is supported by reliable, probative and substantial evidence, this Court must determine whether the trial court abused its discretion. Wise v. Ohio Motor Vehicle Dealers Bd. (1995),106 Ohio App.3d 562, 565. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for those of the [administrative agency] or a trial court." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. It is with this standard in mind that we review this matter. Appellant sets forth two assertions upon which he predicates his argument. First, appellant submits ODHS's denial of the medicaid application must be reversed because ODHS failed to consider and apply the factors listed in Ohio Admin. Code Sec. 5101:1-39-271(A). Second, appellant contends ODHS's denial of the medicaid application must be reversed pursuant to Ohio Admin. Code Sect. 5101:1-39-05. We shall address each assertion in turn. Ohio Adm. Code 5101:1-39-271(A)(3)(a) provides:
 (3) Regardless of when it was created, a trust created for the benefit of the applicant/recipient by someone other than the applicant/recipient must be examined as a possible resource or source of income for the applicant/recipient.
 (a) The CDHS shall not automatically consider this type of trust unavailable. The CDHS shall review the trust document to determine:
(I) Who created the trust?
(ii) Is the applicant/recipient the trustee or beneficiary?
 (iii) If the applicant/recipient is the trustee, was the trust created with his own resources? Can he revoke the trust even if it was not created with his own funds and use the funds for his own personal benefit?
 (iv) If the applicant/recipient is the beneficiary, does he have restricted access to the trust principal? Is the trust revocable or irrevocable?
(v) Is there a fixed amount of payments to the beneficiary?
 (vi) If so, what is the amount, frequency, and type of payment?
 (vii) Is there a reasonable possibility that, either upon request or court action by the beneficiary, the beneficiary could gain access to the principal or payments (or increased payments) from the trust?
Upon review of the record, we cannot conclude the trial court abused its discretion in affirming ODHS's decision. The trust document at issue herein requires the trustee to pay the income generated from the trust to the settlor's son, David Burkhart. Section 3.04 explicitly provides: After the death of the Settlor and payment of the expenses of his last illness and funeral, the Trustee shall pay to or apply for the benefit of the Settlor's son, David H. Burkhart, if he is living at his death, herein called the "Income Beneficiary," all of the net income of the Trust Estate in monthly or other convenient installments.
Additionally, Section 3.05 of the trust allows the trustee to invade the corpus of the trust for David Burkhart's "proper care, support, or maintenance": Should the Income Beneficiary be at any time in need, for any reason, of funds for his proper care, support, or maintenance after the death of the Settlor, the Trustee may pay to or apply for the benefit of the Income Beneficiary, in addition to the net income of the Trust Estate, such amounts from the principal of the Trust Estate, up to the whole thereof, as the Trustee may from time to time, in its discretion, deem necessary or advisable for his proper care, support or maintenance.
Appellant argues the provisions of the trust make the assets unavailable to David Burkhart because the trustee's ability to distribute the assets is discretionary. In support of his argument, appellant relies upon Young v. Department of Human Serv. (1996), 76 Ohio St.3d 547. In Young, supra, the Ohio Supreme Court examined the availability of trust assets under circumstances similar to the case sub judice. Id. Young, the appellee, was the beneficiary during her lifetime of an irrevocable testamentary trust. Id. Upon Young's admission into a nursing facility, she applied for medicaid benefits. Id. The Allen County Department of Human Services denied the application, determining the trust constituted an available resource in excess of the $1500 resource limitation. Id. The Ohio Department of Human Services upheld the county agency's determination. Id. The Allen County Court of Common Pleas affirmed the administrative decisions. Id. However, the Allen County Court of Appeals reversed the trial court, holding the terms of the trust excluded the trust corpus from the definition of "countable resource" under the Ohio medicaid eligibility requirements. Id. at 548. The Ohio Supreme Court affirmed the judgment of the court of appeals. Id. at 551. In so ruling, the Ohio Supreme Court found, "The language of the trust instrument clearly prohibits the trustee from making distributions which would result in a reduction in benefits or elimination of Young's Medicaid eligibility." Id. at 549. We find Young to be distinguishable. The trust at issue herein requires the trustee to pay "all of the net income of the Trust Estate" to David Burkhart. The invasion of the trust corpus is discretionary. Nonetheless, such discretion is controlled by the standard of satisfying David Burkhart's proper care, support, or maintenance. In exercising the discretionary authority under the trust to make payments of the principal, the trustee is permitted to take into consideration any income or other means of care, maintenance, support, or education available to David Burkhart from sources outside the trust. Trust Document at para. 5.02. Without medicaid, the trust is the only means of support available to David Burkhart. However, the trustee is in no way prohibited from making payments from the trust principal even if such payments would effect David Burkhart's medicaid eligibility. The trust, therefore, does not contain the same restrictive language as found in the Young trust. Without such prohibition, we find the trial court did not abuse its discretion in finding ODHS's determination the trust was an available asset was based upon reliable, probative, and substantial evidence, and in affirming the decision. We now turn to appellant's second assertion. Appellant asserts ODHS's denial of the medicaid application must be reversed pursuant to Ohio Adm. Code Sec. 5101:1-39-05. Appellant explains ODHS failed to apply the criteria of the code section in determining whether the trust was, in fact, a resource. Appellant argues the trust could not be considered a resource because David Burkhart did not have any form of ownership interest therein as provided in Subsection (A)(16)(a); did not have a legal right to access the trust as provided in Subsection (A)(16)(b); and because legal restrictions against the use of the trust for David Burkhart's support and maintenance existed as specified in Subsection (A)(16)(c). We disagree. The record reveals David Burkhart has a legal interest in the trust, a legal right to access to the trust, and that the trust contains no legal restrictions restricting its use for David Burkhart's support and maintenance. Accordingly, we find the trial court did not abuse its discretion in affirming ODHS's determination the trust was a resource under Admin. Code Sec.5101:1-39-05. Appellant's first assignment of error is overruled. II In his second assignment of error, appellant contends the trial court erred in ruling he could not raise due process constitutional issues, which he submits were properly before the trial court. Specifically, appellant challenges the trial court's finding appellant waived the right to raise the issue of the delay in deciding David Burkhart's medicaid eligibility as appellant did not raise the issue before the Hearing Officer. Ohio Adm. Code5101:1-2-10 mandates medicaid applications be decided within forty-five days. Appellant submits ODHS did not render its decision until more than two hundred days after he filed the application. Assuming arguendo, the trial court erred in finding appellant waived the right to raise this issue as a result of his failure to raise the issue before the Hearing Officer, we cannot find the trial court abused its discretion because said delay did not prejudice appellant because David Burkhart was not entitled to medicaid benefits as determined supra. Appellant's second assignment of error is overruled. III In his final assignment of error, appellant asserts the trial court erred in affirming RCDHS's denial of benefits because the State Hearing Officer was not an attorney. R.C. 5101.35(F) provides: (F) The department of job and family services shall adopt rules in accordance with Chapter 119. of the Revised Code to implement this section, including rules governing the following:
 (1) State hearings under division (B) of this section * * * In Albert v. Ohio Department of Human Services (May 11, 2000), Cuyahoga App. No. 76207, unreported, the Eighth District Court of Appeals addressed this identical issue, noting: R.C. 119.09 provides that an agency may appoint a referee or examiner to conduct a hearing required under R.C. 119.01 to 119.13. The recommendation of the referee or examiner may be approved, modified or disapproved by the agency, and the order of the agency based on such report shall have the same effect as if a hearing had been conducted by the agency. R.C. 119.09. The referee or hearing officer must be admitted to the practice of law in Ohio. Id. R.C. 119.09 refers to when the agency itself does not conduct a hearing, but appoints a referee or examiner. R.C. 119.09 does not require the state hearing officer of an agency be an attorney.
Ohio Admin. Code 5101:6-50-05 states that administrative hearing examiners must be admitted to the practice of law in the state of Ohio. No provision of the Ohio Revised Code or Ohio Administrative Code requires the state hearing officers must be members of the bar. Id. at *7.
We agree with the rational of our brethren in the Eighth District, and find no error in the trial court's ruling. Appellant's third assignment of error is overruled. The judgment of the Richland County Court of Common Pleas is affirmed.