CUYAHOGA COUNTY BOARD OF COMMISSIONERS, APPELLEE, *v.* FORD, APPELLANT.

(No. 51776—Decided March 9, 1987.)

*John T. Corrigan,* prosecuting attorney, for appellee.
*John H. Vynalek,* for appellant.

PATTON, J. Robin Ford appeals from an order of the Cuyahoga County Court of Common Pleas, which reversed an order of the State Personnel Board of Review (hereinafter "SPBR"). The facts giving rise to this appeal, as found by SPBR, provide the following.

Ford was employed as a Social Service Aide 2 with the Cuyahoga County Welfare Department for approximately ten years. Her scheduled hours were from 8:15 a.m. to 5:00 p.m., Monday through Friday. The county maintains records relevant to an employee's "off duty" (or "O.D.") time. "Off duty" time occurs when an employee is on leave without appropriate or sufficient leave, and may consist of tardy time or other absence when the employee has insufficient vacation or sick leave credit. Excessive off duty time may provide grounds for disciplinary action.

The record discloses that Ford had a history of accumulating off duty time during the period of her employment with the county. Ford was persistently tardy and frequently left work early. She also used sick leave and vacation time when she did not have sufficient credit. As a result, Ford was repeatedly warned that she would be disciplined if she continued to accumulate off duty time. She received a written reprimand in April 1982, a written warning

in May 1982, and a written reprimand in July 1982. In December 1982, she was given a three-day suspension to be effective on January 4, 5 and 6, 1983. In December 1983, Ford was given a verbal warning concerning her accumulation of off duty time. The December 1983 verbal warning was reduced to writing on or about January 10, 1984 and was placed in her personnel file.

On January 30, 1984, on the recommendation of the Director of Personnel, the Cuyahoga County Board of Commissioners office removed Ford from her employment with the county. Ford was charged with having accumulated 21.73 hours of off duty time between January 7, 1983 and January 7, 1984. The removal was to be effective on February 8, 1984.

Ford appealed her removal to the State Personnel Board of Review. The matter was heard by an administrative law judge on May 3, 1984. After taking testimony, the administrative law judge concluded that the inter-office memorandum dated January 10, 1984 constituted a "non-oral discipline" within the meaning of Ohio Adm. Code 124-3-05. Consequently SPBR's "merger and bar" rule precluded Ford from being disciplined for any incidents occurring before the January 10, 1984 "discipline." When the prior incidents were disregarded, the administrative law judge determined that Ford had accumulated only 8.64 hours of off duty time between January 11, 1984 and the date of her removal. Accordingly, the administrative law judge recommended that Ford's discipline be modified to a ten-day suspension. SPBR adopted the administrative law judge's recommendation in June 1984.

The county commissioners appealed SPBR's decision to the court of common pleas, pursuant to R.C. 124.34 and 119.12. The court concluded that SPBR's order was not supported by reliable, probative and substantial evidence and was not in accordance with law. Accordingly, the court reversed SPBR's order and remanded the matter for further proceedings. This appeal followed.

For her appeal, Ford raises two assignments of error:

"I. The court of common pleas erred and abused its discretion by determining that the January 10, 1984 warning was not a 'non-oral discipline' contemplated by Ohio Adm. Code 124-3-05.

"II. The court of common pleas erred and abused its discretion by reversing the decision of the personnel board of review when that decision was based on reliable, probative and substantial evidence."

Because the issues are interrelated, we will discuss the assignments of error together. The assignments are not well-taken.

A court of common pleas may affirm SPBR's order if the court finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative and substantial evidence *and is in accordance with law.* R.C. 119.12. In the absence of such a finding, the court may reverse, vacate or modify the order or make such other ruling as is supported by reliable, probative and substantial evidence and is in accordance with law. *Id.* This appeal does not involve the scope of review for factual questions inasmuch as the facts are not in dispute, and thus we are not primarily called upon to determine whether the court erred in reversing an order based upon sufficient reliable, probative and substantial evidence. Cf. *Univ. of Cincinnati* v. *Conrad* (1980), 63 Ohio St. 2d 108, 17 O.O. 3d 65, 407 N.E. 2d 1265. Instead, the issue before the common pleas court which we must review was whether SPBR's deter-

mination that the January 10, 1984 inter-office memorandum concerning Ford constituted a "non-oral discipline" within the contemplation of Ohio Adm. Code 124-3-05 and was in accordance with law. This is essentially a question of law.

For the time relevant to this appeal, Ohio Adm. Code 124-3-05 provided:

"(A)   All incidents, of which an appointing authority has knowledge and for which an employee could be disciplined, are merged into any non-oral discipline imposed by the appointing authority subsequent to such incidents.

"(B)   Except as provided in rules 124-3-01 and 124-9-04 of the Administrative Code, once discipline is imposed for a particular incident, that incident shall not be used as the basis for subsequent discipline."[1]

Although the issue was not raised by the parties nor considered by the court below, we are compelled to consider the validity of Ohio Adm. Code 124-3-05.

In *Western Res. Psych. Hab. Ctr.* v. *Bolden* (May 14, 1986), Summit App. No. 12388, unreported, the court held that Ohio Adm. Code 124-3-05 was invalid because it exceeded SPBR's rule-making authority and was unreasonable.[2] Cf. *Sterling Drug, Inc.* v. *Wickham* (1980), 63 Ohio St. 2d 16, 19, 17 O.O. 3d 10, 12, 406 N.E. 2d 1363, 1366. In *Bolden,* a hospital aide was discharged after alleged instances of abusive conduct and neglect of duty. Bolden was to be suspended for three days arising out of an instance of patient abuse in January 1984, but the suspension order was not signed until April 1984 because Bolden's supervisor was on vacation for three weeks. In the interim, in March 1984, Bolden neglected his duties by failing to prevent another aide from physically abusing the patients. When Bolden's supervisor returned from vacation, he signed the suspension order for the January incident. Upon review of the March neglect-of-duty allegation, Bolden was removed from employment. Bolden appealed his removal, and SPBR disaffirmed Bolden's removal based on the application of the "merger and bar" rule which precluded Bolden from being disciplined for the March incident after the supervisor signed the three-day suspension order in April.

On appeal, the Summit County Court of Appeals, with one judge dissenting, held that the "merger and

---

[1] Effective February 14, 1986, Ohio Adm. Code 124-3-05 was amended. It now provides:

"(A)   All incidents, which occurred prior to the incident for which a non-oral disciplinary action is being imposed of which an appointing authority has knowledge and for which an employee could be disciplined, are merged into the non-oral discipline imposed by the appointing authority. Incidents occurring after the incident for which a non-oral disciplinary action is being imposed, but prior to the issuance of the non-oral disciplinary order, are not merged and may form the basis for subsequent discipline.

"(1)   For purposes of this rule, knowledge of an appointing authority will include knowledge of those persons with authority to impose non-oral discipline for the appointing authority.

"(2)   For purposes of this rule, non-oral discipline includes written reprimands and suspension orders. It does not include a written memorandum or oral counseling or written warnings.

"(B)   Except as provided in rules 124-3-01 and 124-9-04 of the Administrative Code, once discipline is imposed for a particular incident, that incident shall not be used as the basis for subsequent discipline."

[2] A motion to certify the record to the Supreme Court of Ohio was overruled on September 10, 1986 (case No. 86-1140).

bar" rule was invalid. The majority believed that the rule improperly created a substantive right in favor of the employee by limiting the appointing authority's power to discipline its employees. *Bolden, supra,* at 5. The majority also concluded that the rule was unreasonable since it conceivably could punish innocent as well as malicious employer conduct, particularly in view of the sequence of events leading up to Bolden's discipline. In dissent, Judge George disputed the majority's characterization of the "merger and bar" rule as being "substantive" rather than "procedural." *Bolden,* at 7-8. Judge George also took issue with the majority's characterization of the rule as "unreasonable," given the unique factual circumstances giving rise to Bolden's removal. *Id.* at 8.

We cannot agree with the *Bolden* majority that the "merger and bar" rule creates a substantive right in favor of the employee at the expense of the employer's legitimate authority to discipline. The rule does not restrict the nature or severity of discipline that the appointing authority may lawfully impose. The rule does not unreasonably shield an employee from legitimate disciplinary measures, but merely requires that discipline be meted out in an orderly manner without subjecting the employee to multiple discipline for the same transgression. It is inescapable that the "merger and bar" rule is a rule of procedure as opposed to substance and thus is within SPBR's rule-making authority.

We also cannot accept the *Bolden* majority's view that the "merger and bar" rule is unreasonable. Cf. *Stouffer Corp.* v. *Bd. of Liquor Control* (1956), 165 Ohio St. 96, 59 O.O. 100, 133 N.E. 2d 325 (rule limiting number of liquor permits to those allowed as of April 11, 1949 was unreasonable). Application of

Ohio Adm. Code 124-3-05 to the facts of *Bolden* seemingly produces a harsh result in that Bolden could not be disciplined for the March neglect-of-duty allegation. However, this result would not have occurred had Bolden's supervisor signed the suspension order before leaving for vacation and before the March incident occurred. Similarly, the harsh result could have been avoided if, upon the supervisor's return in April, Bolden had been disciplined for both the January and March incidents as evidenced in the April suspension order. Thus, the "merger and bar" rule is not unreasonable *per se,* but merely requires an appointing authority to discipline deserving employees in a systematic manner. Accordingly, we do not believe that Ohio Adm. Code 124-3-05 is invalid.

Given the validity of the "merger and bar" rule, the remaining issue is whether it was properly invoked in this case with regard to the January 10, 1984 inter-office memorandum so as to preclude the appointing authority from disciplining Ford for off duty time accumulated prior thereto. We conclude that the trial court correctly held that the rule is not applicable to these facts.

In *West* v. *Bur. of Emp. Serv.* (Dec. 31, 1985), Franklin App. No. 85AP-742, unreported, the court reviewed an analogous fact pattern. In *West,* an attorney in the Ohio Bureau of Employment Services was removed after numerous instances of alleged insubordination and inefficiency. SPBR and the common pleas court affirmed the removal. On appeal, West argued that several of the allegations could not be grounds for removal because they were merged and barred by Ohio Adm. Code 124-3-05. West argued that a deputy administrator's memorandum, which the author characterized as a "reprimand" and which discussed West's alleged noncooperation, constituted "disciplinary action" so that

those incidents could not be cited again in subsequent proceedings.

The Franklin County Court of Appeals disagreed. In relevant part, the court stated:

"However the parties choose to characterize the memorandum, it does not constitute a disciplinary action as contemplated by Ohio Adm. Code 124-3-05. Nothing in that memorandum purports to impose specific disciplinary action — it is simply a request to appellant not to issue copies of research to others and to do a better job at answering the original question. Therefore, Ohio Adm. Code 124-3-05 does not merge and bar any prior incidents from consideration." *West, supra,* at 3.

Accordingly, the judgment was affirmed.

In the instant case, the January 10 memorandum simply states that Ford was verbally warned about her use of sick time and her absentee record. Nothing in the memo purports to impose any specific disciplinary measure on her. Instead, it suggests that Ford would "have to start being definite about her working hours." Under these circumstances, the memo cannot accurately be characterized as a "non-oral discipline" within the meaning of Ohio Adm. Code 124-3-05. Consequently, it was error to consider only those events subsequent to the January 10 memorandum without regard to the events occurring prior thereto, from January 7, 1983 until the date of Ford's removal. Accordingly, the common pleas court correctly reversed SPBR and remanded this matter for further proceedings.

We acknowledge that an agency's interpretation of its own regulations is entitled to due deference. See *Univ. of Cincinnati* v. *Heckler* (C.A. 6, 1984), 733 F. 2d 1171, 1173-1174; *United States* v. *Painesville* (C.A. 6, 1981), 644 F. 2d 1186, 1190. That principle is not applicable in the instant case since here it was not necessary to interpret the meaning of the "merger and bar" rule but only to apply it to these facts. We conclude that the rule was improperly applied to the January 10 memorandum and that SPBR's order was properly reversed.

Accordingly, the judgment is affirmed and this matter is remanded for further proceedings consistent with this journal entry and opinion.

*Judgment affirmed.*

CORRIGAN and DYKE, JJ., concur.