OPINION
This is an appeal from the Franklin County Court of Common Pleas which affirmed an adjudication order issued by appellee, Ohio Department of Human Services ("ODHS"), concerning an audit of appellant, Longterm Lodging, Inc., d/b/a WeCare Health Facility, for the calendar year 1989. Appellant is a nursing home certified for participation in Ohio's Medicaid Program. This case presents a single legal issue: whether a nursing home's working capital interest income should be offset against its interest expense for the cost of renovations.
Appellant prepared and timely filed with ODHS its 1989 Medicaid Cost Report. In it, appellant stated that it had paid $33,941 in interest on renovation loans in that year. Appellant also reported $5,639 in interest income from a bank account on working capital that year.
ODHS conducted a field audit of appellant for the reimbursement period of January 1, 1989 through December 31, 1989. Of the $5,639 earned in interest income, the field auditor offset $1,560 against interest paid to the director of appellant for a loan she made to appellant. Although appellant disagreed with this finding, it did not contest it before the trial court. Subtracting $1,560 from $5,639, left $4,079 in working capital interest income which the field auditor then offset against the interest paid on money borrowed in 1986 and 1988 for renovations to the facility. Appellant challenged that determination.
Appellant requested an adjudication hearing pursuant to R.C. 119.09. The administrative hearing examiner conducted a hearing on October 11, 1996. ODHS asserted that the offset was appropriate in light of rules concerning reasonable and allowable costs under Ohio Adm. Code 5101:3-3-17. Appellant asserted that Ohio Adm. Code 5101:3-3-22 obligates ODHS to pay a Medicaid nursing home provider a per diem allowance which shall include "the actual cost of interest paid on money borrowed for construction on the purchase of real property, major components of that property and equipment." Appellant asserted the "actual cost of interest paid" does not include an offset of the provider's working capital interest income against the provider's interest expense for the cost of renovations. On April 7, 1997, the hearing examiner issued a report and recommendation recommending that $4,079 in interest income on working capital be offset against the interest paid on money expended for renovations to the facility. Appellant filed objections to the report and recommendation.
On June 20, 1997, the director of ODHS issued an adjudication order adopting the findings of fact, conclusions of law, and recommendations of the hearing examiner. In so doing, he ordered appellant to pay a total of $18,729.78 as an overpayment for the 1989 reimbursement period. Appellant appealed to the Franklin County Court of Common Pleas and, on October 22, 1998, the common pleas court issued a decision affirming ODHS. This appeal followed.
On appeal, appellant sets forth the following assignments of error:
 I. The Trial Court erred in affirming the order of the Director of Human Services thereby failing to distinguish between the Federal health insurance program (Medicare), created by Title XVIII of the Social Security Act and the joint Federal State medical assistance program (Medicaid), created under Title XIX of the Social Security Act and in failing to give weight to the stipulation that Rules 5101:3-3-17 and 5101:3-3-22, O.A.C., part of the Ohio State Plan of Medical Assistance (Medicaid), had been approved by the Health Care Financing Administration (HCFA).
 II. The Trial Court erred in affirming the order of the Director of Human Services requiring that $4,079 in interest income on the Provider's working capital be offset against such Provider's "actual cost of interest paid [in 1989] on money borrowed for construction or the purchase of real property, major components of that property and equipment" in the construction of approved renovations in 1986 and 1988, which violates the plain language of Rule 5101:3-3-17 and Rule 5101:3-3-22 O.A.C.
As the trial court noted, there is no disagreement concerning the facts of this case. The essence of the parties' dispute is a question of law; namely, the interpretation to be given to agency rules. As such, our review is plenary. PlanetEarth, Entertainment, Inc. v. Ohio Liquor Control Comm. (1998),125 Ohio App.3d 619, 622.
In its first assignment of error, appellant asserts that the trial court failed to distinguish between the Medicare and Medicaid programs and failed to give weight to the parties' stipulation. At the administrative hearing, the parties stipulated that Ohio Adm. Code 5101:3-3-17 and 5101:3-3-22 are rules adopted by ODHS and approved by the Health Care Financing Administration ("HCFA") as part of the federal/state plan of medical assistance. See Section 1396(a), Title 42, U.S.Code. However, other than to lay out the different statutory schemes for Medicare and Medicaid, appellant does not explain why it is crucial to understand that appellant is a Medicaid provider and not a participant in the Medicare Health Insurance Program.
We assume that appellant is contending that, because it is a Medicaid service provider and does not participate in the Medicare Health Insurance Program, it was error for the trial court or ODHS to look to the federal Medicare Act for guidance in interpreting agency rules. We disagree.
As the hearing examiner observed, "Ohio courts have consistently held that federal administrative and judicial constructions of the same or similar terminology in the federal counterpart statute may supply the technical or particularized meaning of the words or phrases of the section of the Revised Code under construction." (Appendix p. 19 at 9 citing, In re Estate ofMorgan [1981], 65 Ohio St.2d 101,103-104.) Here, the federal Medicare Act and the Ohio Medicaid Act both limit reimbursement of providers to the reasonable cost of providing services to eligible persons. Section 1396(b), Title 42, U.S.Code; former R.C.5111.21(A) (nursing homes). Moreover, each act defines reasonable costs in terms of costs actually incurred by the provider. Section 1395(x), Title 42, U.S.Code; R.C. 5111.23(B).
ODHS and the hearing examiner have noted that for purposes of Medicare reimbursement, an offset of interest principle is applied when determining reasonable costs which have actually been incurred. See 42 C.F.R. § 413.153(a) (1) (formerly designated as 42 C.F.R. § 405.419). Thus, ODHS urges us to interpret the phrase "actual cost of interest paid" in Ohio Adm. Code 5101:3-3-22 to mean net cost of borrowing, i.e., the cost of such borrowing less any benefit derived therefrom. See, i.e.,Cheshire Hospital v. New Hampshire — Vermont HospitalizationService, Inc. (C.A.1, 1982), 689 F.2d 1112, 1119. The policy behind this practice is to discourage providers from seeking taxpayer reimbursement for interest on funds borrowed for capital acquisitions while also collecting income on investments.Pleasant Valley Hospital, Inc. v. Shalala (C.A.4, 1994), 32 F.2d 67, 69. While federal law does not directly control the issue before this court, ODHS had adopted certain principles of federal Medicare reimbursement in defining allowable costs during the reimbursement period in question. Thus, the trial court did not err in looking to federal Medicare sources in determining whether the interest should be offset. The first assignment of error is not well-taken and is overruled.
In its second assignment of error, appellant argues the interest offset violates the express provisions of Ohio Adm. Code5101:3-3-22 and 5101:3-3-17. Ohio Adm. Code 5101:3-3-22(A) (1) (c) provides, in pertinent part, as follows:
 (A) A per-day allowance based upon licensed beds for property costs and equipment during the rate year shall be the actual expenditures for items contained in paragraphs (A) (1) to (A) (6) of this rule * * *.
 (1) The allowance directly related to purchasing or acquiring capital assets includes:
* * *
 (c) The actual cost of interest paid on money borrowed for construction or the purchase of real property, major components of that property and equipment.
Appellant contends that offsetting interest earned on working capital unlawfully deprives appellant of its right to obtain reimbursement for all ("the actual cost of") the interest it paid on its renovation loans. However, ODHS only reimburses allowable costs to providers. See former R.C. 5111.25 (limiting Medicaid reimbursement to reasonable property costs which must be based on actual allowable costs). Allowable costs are defined by rule, specifically Ohio Adm. Code 5101:3-3-17, which sets forth methods and standards for establishing payment rate, and in particular subsection (G) which reads as follows:
 (G) "Allowable costs" are those costs that are allowable to licensed and certified beds in a facility, which are reasonable and related to resident care (unless otherwise enumerated in Chapter 5101:3-3 ["Coverage and Limitations: Long-Term Care Services"] of the Administrative Code) are those contained in the following reference material, as currently issued and updated, in the following priority:
(1) Title 42 C.F.R. Chapter IV;
 (2) The provider reimbursement manual ("HCFA Publication 15-1," previously entitled "HIM 15 Health Insurance Manual"); or
(3) Generally accepted accounting principles.
Appellant contends that, because Ohio Adm. Code5101:3-3-22 is "otherwise enumerated in Chapter 5101:3" of the Ohio Administrative Code, appellant is outside the purview of Ohio Adm. Code 5101:3-3-17(G). Therefore, according to appellant, the underlying source material in Ohio Adm. Code5101:3-3-17(G) (1) (2) (3) is inapplicable to determining whether interest should be offset.
Appellant's position begs the question, however, because the term "actual cost of interest paid" is not defined in the Ohio Administrative Code. When the plain meaning of an agency rule is not apparent, a reviewing court will generally defer to an administrative agency's interpretation of its own rules.Cincinnati City School Dist. v. State Bd. Of Edn. (1996),113 Ohio App.3d 305, 312; Ladd v. Ohio Counselor Social Worker Bd.
(1991), 76 Ohio App.3d 323, 333; Clark v. Ohio Dept. of MentalRetardation Developmental Disabilities (1988), 55 Ohio App.3d 40,42; Cuyahoga Cty. Bd. Of Commrs. v. Ford (1987), 35 Ohio App.3d 88,92; Rings v. Nichols (1983), 13 Ohio App.3d 257, 260. Moreover, as discussed in connection with the first assignment of error, it is entirely proper to look to analogous federal law in construing a similar state scheme.
As discussed above, appellant construes the phrase to mean gross interest paid to the lender. ODHS takes the position that the phrase refers to net interest, if any, paid on borrowing costs after deducting interest income earned on available funds that, at least in theory, could be used to reduce the amount of funds borrowed.
Here, federal sources support ODHS' construction of the phrase "actual cost of interest paid." 42 C.F.R. § 413.153(a) (1) requires that necessary interest be offset by investment income, with an exception that does not apply in this case. Similarly, HCFA Publication 15-1, section 202.2 requires that deductible interest be reduced by investment income.
Consistent with these federal sources, we agree with the hearing examiner and the trial court that the phrase "actual cost of interest paid" refers to net interest paid on the renovation loans after offsetting any interest earned on working capital. The second assignment of error is not well-taken and is overruled.
Based on the foregoing, the decision of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN, J., concurs.
BROWN, J., concurs in judgment only.