OPINION *Page 2 
{¶ 1} Plaintiff-Appellant Carmen P. Cerreta appeals from the May 16, 2008, Judgment Entry of the Stark County Court of Common Pleas, affirming the decision of the Ohio Real Estate Appraiser Board.
 STATEMENT OF THE FACTS AND CASE {¶ 2} For purposes of this appeal, the relevant facts are as follows:
 {¶ 3} R.C. Chapter 4763, first enacted in 1989, required appraisers to be licensed or certified and regulates the conduct of appraisers in Ohio.
 {¶ 4} Approximately one month after R.C. 4763 was enacted, the U.S. Congress enacted the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA") in 1989. Title XI of FIRREA was intended "to provide that Federal financial and public policy interests in real estate related transactions will be protected by requiring that real estate appraisals utilized in connection with federally related transactions are performed in writing, in accordance with uniform standards, by individuals whose competency has been demonstrated and whose professional conduct will be subject to effective supervision." Title XI of FIRREA established the Appraisal Subcommittee ("ASC") and the Appraiser Qualifications Board ("AQB") to standardize qualifications and to monitor individuals who assess the value of real estate property.12 U.S.C. A. 3331.
 {¶ 5} The federal law required that the state certified appraiser satisfy the requirements for certification in a State or territory "whose criteria for certification as a real estate appraiser currently meet or exceed the minimum criteria for certification issued by the Appraiser Qualifications Board of the Appraisal Foundation." 12 U.S. *Page 3 
§ 3345; 12 CFR 225.62(j). Only a state certified appraiser is permitted to evaluate property valued over $1,000,000 or apartment buildings with more than four apartments. Below that "threshold," the federal statute created the category of "state licensed appraiser," defined as "any individual who has satisfied the requirements for licensing in a State or territory where the licensing procedures comply with Title XI of FIRREA." 12 U.S.C.A. § 3342; 12 CFR 225.62(k). Further, the AQB also required states to implement appraiser certificate requirements that are no less stringent than those the AQB issues. (Record, State's Ex. H.) Thus, Ohio cannot have requirements that are less than those of the AQB.
 {¶ 6} The initial Ohio legislation adopted in 1990 contained only two (2) classifications of real estate appraiser, namely; Licensed Real Estate Appraiser and Licensed General Real Estate Appraiser, with the Licensed Real Estate Appraiser being limited to residential properties and the Licensed General Real Estate Appraiser being authorized to appraise both residential and commercial properties.
 {¶ 7} Appellant Carmen Cerreta had been a real estate appraiser prior to the enactment of the licensure requirement. Appellant subsequently passed the required examination in 1992, completed the required education and received a license.
 {¶ 8} In 1996, the State of Ohio, by H.B. 304, amended its real estate licensing statute to provide for both a Ohio Licensed Residential Real Estate appraiser and an additional classification of real estate appraiser designated as and called "Ohio Certified Residential Real Estate Appraiser" in order to match and conform to the Federal regulations and terminology which uses the language "Certified Residential Real Estate Appraiser" to describe residential real estate appraisers having recognition under *Page 4 
Federal regulations to make real estate appraisals including appraisals for federally related transactions involving complex one (1) through four (4) family structures and structures having a value which could exceed $1,000,000.00. The amendment of the Ohio Statute was made because Ohio, at the time, only had one (1) classification for residential real estate appraisers, including appraisers eligible to appraise all one (1) through four (4) family residential properties and without limitation on dollar value, and that was the "Ohio Licensed/Certified Real Estate Appraiser" and had no classification exactly matching and using the Federal terminology and classification of "Certified Residential Real Estate Appraiser" as designated in the Federal statutes and regulations.
 {¶ 9} As a result of the amended Ohio legislation, which became effective on or about March 9, 1996, Ohio thereafter then had three (3) classifications of real estate appraisers, namely: Licensed Residential Real Estate Appraisers, which included the residential appraisers who were licensed before 1996 including those who had passed the Certified Residential Real Estate Appraiser examination (as did Carmen P. Cerreta); General Real Estate Appraisers, who were licensed to perform both residential and commercial real estate appraisals; and, from 1996 on, the new classification of Certified Residential Real Estate Appraiser. Because the existing Ohio statutory scheme up to the amendment made in 1996 only had one (1) classification of residential real estate appraiser, which classification was designated as Licensed Real Estate Appraiser, the licenses held by those people who currently held Residential Real Estate Appraiser Licenses/Certificates were not in conformity with the certification terminology under *Page 5 
Federal regulations, regardless of the fact that these individuals had taken and passed the Certified Residential Real Estate Appraiser examination. (T. at 28-32; 42-51.)
 {¶ 10} As a result of the foregoing situation and in order to specifically address the situation, the State of Ohio, in 1996, adopted OAC § 1301:11-3-7, which specifically provided that any person who had taken the Federally approved examination for Certified Residential Real Estate Appraiser prior to March 9, 1996, would be eligible at any time to convert his or her License/Certificate as a Residential Real Estate Appraiser to that of Certified Residential Real Estate Appraiser by satisfying certain additional educational requirements and without having to re-take the written examination for Certified Residential Real Estate Appraiser. (T. at 42-51.)
 {¶ 11} Effective April 1, 2000, the AQB set forth a requirement that States cannot accept exams that are over 24 months old.
 {¶ 12} On June 15, 2004, after completing the additional education requirements, Appellant Cerreta filed a Certified Residential Application for Licensed Appraisers, for appraisers tested prior to March 1996.
 {¶ 13} On July 29, 2004, the former Superintendent granted Appellant Cerreta's application and issued Appellant Cerreta an upgrade from his License to a Certificate. Appellant Cerreta subsequently renewed his Certificate in 2005, 2006 and 2007. (T. at 28-32, 42-53.)
 {¶ 14} On March 2, 2007, the current Superintendent sent a letter to Appellant Cerreta, along with 131 other appraisers, informing them that the upgrade to a Certificate was not in compliance with the federal regulations as set forth by the Appraiser Qualifications Board ("AQB"). The letter stated the following: *Page 6 
 {¶ 15} "The Appraisal Subcommittee ("ASC") has notified the State of Ohio of a noncompliance issue. The practice of allowing appraisers with residential licenses to upgrade to residential certificates without taking a new examination if the appraiser was originally licensed prior to March 1, 1996, does not meet federal regulations. This determination is based on Appraiser Qualifications Board ("AQB") criteria that became effective on April 1, 2000."
 {¶ 16} The Superintendent also noted that under the ASC guidelines, Ohio was mandated to notify all appraisers whose credentials fail to conform to AQB criteria and that they must take and pass the examination again.
 {¶ 17} The Superintendent's March 2, 2007, letter informed the appraisers that if they took the test prior to September 30, 2007, they could retain the Certificate. However, if they failed to take the examination or pass the examination on or before September 30, 2007, their Certificates would be downgraded to a License. Id.
 {¶ 18} On March 27, 2007, Appellant Cerreta sent a letter in which he stated that he had taken an exam and passed it on June 4, 1992, that he had taken the appropriate educational credits, and that he should retain his Certificate. Appellant refused to take the examination prior to September 30, 2007.
 {¶ 19} On October 2, 2007, Appellant Cerreta was advised by the Superintendent of the Ohio Division of Real Estate and Professional Licensing that his certification as a Certified Residential Real Estate Appraiser in the State of Ohio was being downgraded to the status of Licensed Real Estate Appraiser. He was also issued at that time a license designating him as a Licensed Real Estate Appraiser and was advised that his Certified Residential Real Estate Appraiser Certificate was being cancelled. In the same *Page 7 
notice, the Superintendent informed Appellant of his right to appeal such decision to the Appraiser Board.
 {¶ 20} Appellant Cerreta appealed the Decision and Order of the Superintendent of the Ohio Department of Commerce Division of Real Estate and Professional Licensing to the Ohio Real Estate Appraiser Board.
 {¶ 21} On January 18, 2008, a hearing was held upon the appeal. At said hearing, evidence, testimony and exhibits were entered in the record.
 {¶ 22} On January 28, 2008, the Ohio Real Estate Appraisal Board issued its Adjudication Decision and Order upholding and affirming the October 2, 2007 Decision and Order of the Superintendent of the Ohio Department of Commerce/Division of Real Estate and Professional Licensing.
 {¶ 23} Appellant Cerreta, pursuant to R.C. Chapter 119, brought an Administrative Appeal to the Stark County Common Pleas Court seeking relief from the Administrative decision made by the Ohio Real Estate Appraisal Board.
 {¶ 24} On May 16, 2008, the Stark County Common Pleas Court affirmed the Administrative Decision and action taken by the Real Estate Appraisal Board.
 {¶ 25} It is from this decision, dated May 16, 2008, that Appellant Cerreta now brings the instant appeal to this Court for further review, raising the following assignments of error for review:
 ASSIGNMENTS OF ERROR {¶ 26} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT THE DECISION AND ORDER OF THE REAL ESTATE APPRAISAL BOARD AT ISSUE IN THIS CASE IS SUPPORTED BY SUBSTANTIAL, RELIABLE *Page 8 
AND PROBATIVE EVIDENCE, WHEN REASONABLE EXAMINATION OF THE RECORD, IN FACT, CLEARLY DEMONSTRATES THAT THE ADMINISTRATIVE DECISION IN QUESTION IS NOT SUPPORTED BY AND IS CONTRARY TO THE EVIDENCE CONSTITUTING THE RECORD.
 {¶ 27} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT THE DECISION AND ORDER OF THE REAL ESTATE APPRAISAL BOARD AT ISSUE IN THIS CASE IS, IN ACCORDANCE WITH LAW, WHEN REASONABLE EXAMINATION OF THE RECORD DEMONSTRATES THAT THE ADMINISTRATIVE DECISION IN QUESTION IS IN DIRECT CONFLICT WITH AND CONTRARY TO THE APPLICABLE LAWS AND REGULATIONS OF THE STATE OF OHIO AS IN FORCE AND EFFECT DURING THE TIMEFRAME PERTINENT TO THIS CASE.
 {¶ 28} "III. THE TRIAL COURT ERRED AND COMMITTED ABUSE OF DISCRETION IN GIVING ABSOLUTE OR EXCESSIVE DEFERENCE TO THE REAL ESTATE APPRAISAL BOARD'S CONCLUSORY (AND NOT EVIDENTIALLY BASED) FINDING THAT THE ISSUANCE OF AN OHIO CERTIFIED REAL ESTATE APPRAISER'S CERTIFICATE TO CARMEN P. CERRETA ON OR ABOUT JULY 29, 2004 WAS AN ERROR AND MISTAKE UNDER APPLICABLE OHIO LAW AND IN FURTHER GIVING ABSOLUTE OR EXCESSIVE DEFERENCE TO THE REAL ESTATE APPRAISAL BOARD'S INTERPRETATION AND APPLICATION OF THE STATUTES AND REGULATIONS OF THE STATE OF OHIO, WHEN SUCH FINDINGS AND INTERPRETATIONS WERE CLEARLY UNREASONABLE, ARBITRARY, CAPRICIOUS AND UNSUPPORTED BY THE RECORD AND ALSO CONTRARY TO *Page 9 
THE CLEAR AND UNAMBIGUOUS PROVISIONS OF THE EXISTING OHIO LAWS AND REGULATIONS.
 {¶ 29} "IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN NOT FINDING THAT THE DECISION AND ORDER OF THE OHIO REAL ESTATE APPRAISAL BOARD RESCINDING CARMEN P. CERRETA'S STATUS AS AN OHIO CERTIFIED RESIDENTIAL REAL ESTATE APPRAISER WAS ERRONEOUS AND INVALID BECAUSE SAID ACTION INVOLVED THE UNLAWFUL RETROACTIVE APPLICATION OF A CHANGE IN POLICY OR REGULATIONS WHICH VIOLATED PROVISIONS OF THE OHIO AND U.S. CONSTITUTIONS PROHIBITING THE DEPRIVATION OF VESTED PROPERTY INTERESTS BY RETROACTIVE AND/OR EX POST FACTO APPLICATION OF SUBSEQUENTLY ADOPTED POLICIES, LAWS OR REGULATIONS; AND ALSO BECAUSE SAID ACTION OTHERWISE VIOLATED THE APPELLANT — CARMEN P. CERRETA'S RIGHTS TO DUE PROCESS OF LAW AND EQUAL PROTECTION OF LAW."
 Standard of Review {¶ 30} In each of Appellant's assignments of error he argues that the trial court erred and abused its discretion in affirming the Administrative Decision and action taken by the Real Estate Appraisal Board.
 {¶ 31} For the purposes of simplicity, we will first discuss our standard of review regarding Appellant's arguments before this Court. In an administrative appeal pursuant to R.C. § 119 .12, the trial court reviews an order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with law. Reliable, probative and substantial evidence has been defined as: (1) "Reliable" evidence is *Page 10 
dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value." Our Place, Inc. v. Ohio Liquor Control Comm.
(1992), 63 Ohio St.3d 570, 571, 589 N.E.2d 1303.
 {¶ 32} In determining evidentiary conflicts, the Ohio Supreme Court inUniversity of Cincinnati v. Conrad (1980), 63 Ohio State 2d 108, 407 N.E.2d 1265, directed courts of common pleas to give deference to the administrative resolution of such conflicts. The Supreme Court noted when the evidence before the court consists of conflicting testimony of approximately equal weight, the common pleas court should defer to the determination of the administrative body, which, acting as the finder of fact, had the opportunity to determine the credibility and weight of the evidence. Conrad at 111, 407 N.E.2d 1265.
 {¶ 33} On appeal to this Court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Rossford Exempted Village SchoolDist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707,590 N.E.2d 1240. In reviewing the trial court's determination that Appellee's order was supported by reliable, probative and substantial evidence, this Court's role is limited to determining whether the trial court abused its discretion. Roy v. Ohio State Med. Bd. (1992),80 Ohio App.3d 675, 680, 610 N.E.2d 562. The term "abuse of discretion" connotes more than an error of law or judgment; it *Page 11 
implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 Relevant Statutes and Regulations {¶ 34} R.C. § 4763.03 Powers and duties of board; powers and duties ofreal estate superintendent
 {¶ 35} "(A) In addition to any other duties imposed on the real estate appraiser board under this chapter, the board shall:
 {¶ 36} "(1) Adopt rules, in accordance with Chapter 119. of the Revised Code, in furtherance of this chapter, including, but not limited to, all of the following:
 {¶ 37} "(a) Defining, with respect to state-certified general real estate appraisers, state-certified residential real estate appraisers, and state-licensed residential real estate appraisers, the type of educational experience, appraisal experience, and other equivalent experience that satisfy the requirements of this chapter. The rules shall require that all appraisal experience performed after January 1, 1996, meet the uniform standards of professional practice established by the appraisal foundation.
 {¶ 38} "(b) Establishing the examination specifications for state-certified general real estate appraisers, state-certified residential real estate appraisers, and state-licensed residential real estate appraisers;
 {¶ 39} * * *
 {¶ 40} "(h) Establishing a real estate appraiser assistant program for the registration of real estate appraiser assistants.
 {¶ 41} "(4) Hear appeals, pursuant to Chapter 119. of the Revised Code, from decisions and orders the superintendent of real estate issues pursuant to this chapter;" *Page 12 
 {¶ 42} R.C. § 4763.05 Initial certificates, licenses, andregistrations; examinations
 {¶ 43} "(H)(1) The superintendent shall not issue a certificate, registration, or license to any person, or recognize on a temporary basis an appraiser from another state, who does not meet applicable minimum criteria for state certification, registration, or licensure prescribed by federal law or rule."
 {¶ 44} O.A.C. 1301:11-3-07 Conversion of real estate residentialappraiser license to real estate residential appraiser certificate— Repealed
 {¶ 45} "(A) Any person who retains a valid Ohio residential real estate appraiser license shall be entitled at any time to apply for a conversion of that license to a residential real estate appraiser certificate if each of the following conditions are fulfilled.
 {¶ 46} "(1) The applicant was originally licensed as a residential real estate appraiser by the state of Ohio, prior to March 3, 1996, or, if originally certified as an appraiser in a state other than Ohio, then that person has successfully completed a federally-endorsed exam for certification as a residential real estate appraiser;
 {¶ 47} "(2) The applicant demonstrates completion of the pre-certification educational requirements . . .
 {¶ 48} "(3) The applicant otherwise demonstrates his eligibility for certification as a residential real estate appraiser to the satisfaction of the superintendent of real estate;
 {¶ 49} "(4) The applicant submits the applicable certification fees . . .
 {¶ 50} "(B) Upon meeting all of the aforesaid conditions, the conversion of the residential real estate appraiser license to a residential real estate appraiser certificate shall be approved by the superintendent . . .The certificate issued shall be deemed equivalent as a legal status to an initial state-certified residential real estate appraiser *Page 13 
certificate issued in accordance with division (H) of section 4763.05 of the Revised Code."
 {¶ 51} 12 C.F.R 225.62
 {¶ 52} "(j) State certified appraiser means any individual who has satisfied the requirements for certification in a State or territory whose criteria for certification as a real estate appraiser currently meet or exceed the minimum criteria for certification issued by the Appraiser Qualifications Board of the Appraisal Foundation. No individual shall be a State certified appraiser unless such individual has achieved a passing grade upon a suitable examination administered by a State or territory that is consistent with and equivalent to the Uniform State Certification Examination issued or endorsed by the Appraiser Qualifications Board of the Appraisal Foundation. In addition, the Appraisal Subcommittee must not have issued a finding that the policies, practices, or procedures of the State or territory are inconsistent with title XI of FIRREA. The Board may, from time to time, impose additional qualification criteria for certified appraisers performing appraisals in connection with federally related transactions within its jurisdiction.
 {¶ 53} "(k) State licensed appraiser means any individual who has satisfied the requirements for licensing in a State or territory where the licensing procedures comply with title XI of FIRREA and where the Appraisal Subcommittee has not issued a finding that the policies, practices, or procedures of the State or territory are inconsistent with title XI. The Board may, from time to time, impose additional qualification criteria for licensed appraisers performing appraisals in connection with federally related transactions within the Board's jurisdiction." *Page 14 
 {¶ 54} 12 U.S.C.A § 3345. Certification and licensingrequirements
 {¶ 55} "(a) In general
 {¶ 56} "For purposes of this chapter, the term "State certified real estate appraiser" means any individual who has satisfied the requirements for State certification in a State or territory whose criteria for certification as a real estate appraiser currently meets the minimum criteria for certification issued by the Appraiser Qualification Board of the Appraisal Foundation.
 {¶ 57} "(b) Restriction
 {¶ 58} "No individual shall be a State certified real estate appraiser under this section unless such individual has achieved a passing grade upon a suitable examination administered by a State or territory that is consistent with and equivalent to the Uniform State Certification Examination issued or endorsed by the Appraiser Qualification Board of the Appraisal Foundation.
 {¶ 59} "(c) "State licensed appraiser" defined
 {¶ 60} "As used in this section, the term "State licensed appraiser" means an individual who has satisfied the requirements for State licensing in a State or territory.
 {¶ 61} "(d) Additional qualification criteria
 {¶ 62} "Nothing in this chapter shall be construed to prevent any Federal agency or instrumentality under this chapter from establishing such additional qualification criteria as may be necessary or appropriate to carry out the statutory responsibilities of such department, agency, or instrumentality.
 {¶ 63} "(e) Authority of Appraisal Subcommittee *Page 15 
 {¶ 64} "The Appraisal Subcommittee shall not set qualifications or experience requirements for the States in licensing real estate appraisers, including a de minimus standard. Recommendations of the Subcommittee shall be nonbinding on the States."
 {¶ 65} 12 U.S.C.A. . Banks and Banking; Chapter 34A. AppraisalSubcommittee of Federal Financial Institutions Examination Council;§ 3331. Purpose
 {¶ 66} "The purpose of this chapter is to provide that Federal financial and public policy interests in real estate related transactions will be protected by requiring that real estate appraisals utilized in connection with federally related transactions are performed in writing, in accordance with uniform standards, by individuals whose competency has been demonstrated and whose professional conduct will be subject to effective supervision."
 {¶ 67} Title 12. Banks and Banking; Chapter 34A. AppraisalSubcommittee of Federal Financial Institutions Examination Council;§ 3348. Recognition of State certified and licensed appraisers forpurposes of this chapter
 {¶ 68} "(a) Effective date for use of certified or licensed appraisers only
 {¶ 69} "(1) In general
 {¶ 70} "Not later than December 31, 1992, all appraisals performed in connection with federally related transactions shall be performed only by individuals certified or licensed in accordance with the requirements of this chapter.
 {¶ 71} "(2) Extension of effective date
 {¶ 72} "Subject to the approval of the council, the Appraisal Subcommittee may extend, until December 31, 1991, the effective date for the use of certified or licensed appraisers if it makes a written finding that a State has made substantial progress in *Page 16 
establishing a State certification and licensing system that appears to conform to the provisions of this chapter.
 {¶ 73} "(b) Temporary waiver of appraiser certification or licensing requirements for State having scarcity of qualified appraisers
 {¶ 74} "Subject to the approval of the Council, the Appraisal Subcommittee may waive any requirement relating to certification or licensing of a person to perform appraisals under this chapter if the Appraisal Subcommittee or a State agency whose certifications and licenses are in compliance with this chapter, makes a written determination that there is a scarcity of certified or licensed appraisers to perform appraisals in connection with federally related transactions in a State, or in any geographical political subdivision of a State, leading to significant delays in the performance of such appraisals. The waiver terminates when the Appraisal Subcommittee determines that such significant delays have been eliminated.
 {¶ 75} "(c) Reports to State certifying and licensing agencies
 {¶ 76} "The Appraisal Subcommittee, any other Federal agency or instrumentality, or any federally recognized entity shall report any action of a State certified or licensed appraiser that is contrary to the purposes of this chapter, to the appropriate State agency for a disposition of the subject of the referral. The State agency shall provide the Appraisal Subcommittee or the other Federal agency or instrumentality with a report on its disposition of the matter referred. Subsequent to such disposition, the subcommittee or the agency or instrumentality may take such further action, pursuant to written procedures, it deems necessary to carry out the purposes of this chapter." *Page 17 
 I., II., III. {¶ 77} In his first, second and third assignments of error, Appellant argues that the trial court erred in giving deference to the decision of the Real Estate Appraisal Board, that the issuance of his certificate was done in error and in finding that such decision was in accordance with the law and was supported by the evidence. We disagree.
 {¶ 78} We will start by addressing Appellant's assertion that the trial court erred "in giving absolute or excessive deference to the real estate appraisal board's conclusory . . . finding that the issuance of an Ohio Certified Real Estate Appraiser's Certificate to [Appellant] . . . was an error and mistake under applicable Ohio law and in further giving absolute or excessive deference to the Real Estate Appraisal Board's interpretation and application of the statutes and regulations of the State of Ohio. . .".
 {¶ 79} A reviewing court must give deference to an administrative agency's interpretation of its own rules and regulations where such interpretation is consistent with the statutory law and the plain language of the rules. State ex rel. Celebrezze v. Natl. Lime StoneCo. (1994), 68 Ohio St.3d 377, 382, 627 N.E.2d 538; Jones Metal ProductsCo. v. Walker (1972), 29 Ohio St.2d 173, 181, 281 N.E.2d 1; CuyahogaCty. Bd. of Commrs. v. Ford (1987), 35 Ohio App.3d 88, 92, 520 N.E.2d 1.
 {¶ 80} We therefore find no error in the trial court's acceptance of the Real Estate Appraisal Board's finding that the upgrade to Appellant's License was performed in error. *Page 18 
 {¶ 81} As set forth above, in April, 2000, the Appraiser Qualifications Board changed the requirements to upgrade from a License to a Certificate, requiring that States not accept exams that were more than twenty-four (24) months old.
 {¶ 82} At the time Appellant applied to upgrade his License to a Certificate in June, 2004, his examination, having been taken in 1992, was more than two (2) years old. He therefore did not meet the requirements to be upgraded. The Superintendent, pursuant to R.C. § 4763.05(H), should not have issued Appellant a certificate or license.
 {¶ 83} Prior to April 1, 2000, Appellant Cerreta could have applied to upgrade his License, which would have been permissible under the then-current state and federal law.
 {¶ 84} Despite Appellant's assertions to the contrary, we do not find that the actions of the new Superintendent in downgrading his Certificate to a License violated his rights to due process or equal protection under the law.
 {¶ 85} Initially we note that Appellant did not have a vested protected property interest in his Certificate. Such Certificate was erroneously issued. Under the federal requirements, the former Superintendent had no authority to upgrade Mr. Cerreta's License to a Certificate. Had the former Superintendent followed the federal requirements, a Certificate would never have been issued to Appellant Cerreta.
 {¶ 86} We further find that the State was not estopped from downgrading his Certificate as he did not meet the mandatory requirements for said Certificate as set by the AQB. The principles of waiver, laches and estoppel ordinarily do not apply against the State or its agencies. See Gold Coast Realty, Inc. v. Cleveland Bd. of ZoningAppeals (1971), 26 Ohio St.2d 37, 39, 268 N.E.2d 280, and Campbell v.Campbell *Page 19 
(1993), 87 Ohio App.3d 48, 50, 621 N.E.2d 853. Specifically, estoppel does not apply against a state or its agencies in the exercise of a governmental function. Hortmann v. Miamisburg, 110 Ohio St.3d 194,852 N.E.2d 716, 2006-Ohio-4251, at ¶ 25; Ohio State Bd. of Pharmacy v.Frantz (1990), 51 Ohio St.3d 143, 555 N.E.2d 630; Griffith v. J.C.Penney Co., Inc. (1986), 24 Ohio St.3d 112, 113, 493 N.E.2d 959. The operation of issuing licenses is a governmental function. The Real Estate Appraiser Board was performing a governmental function when it revoked Appellant's certification. Appellant's argument that the Board was barred by laches and/or estoppel from revoking his certification, a statutorily authorized governmental function, is without merit.
 {¶ 87} Additionally we find Appellant was afforded due process in the instant case. In the March 2, 2007, letter he received, he was informed of the error which resulted in the erroneous upgrade to his certificate and was given an opportunity to take action to cure such by taking the examination, without charge, before September 30, 2007. When Appellant failed to take the examination and his Certificate was downgraded, he was then provided notice that he had the right to request a hearing before the Appraiser Board, which he did.
 {¶ 88} Upon review, we fail to find a valid equal protection claim in that Appellant has not shown that he is a member of a protected class or that a fundamental right was violated. Furthermore, as Appellant was one of 132 appraisers who received such erroneous upgrade to their Licenses, all of whom likewise were notified that they needed to take such examination prior to September 30, 2007, we do not find that the facts support a claim of disparate treatment. *Page 20 
 {¶ 89} Upon review, we find the trial court's decision affirming the decision of the Real Estate Appraiser Board was supported by substantial, reliable and probative evidence. We find no abuse of discretion.
 {¶ 90} Based on the foregoing, we find Appellant's first, second and third assignments of error not well-taken and hereby overrule same.
 IV. {¶ 91} In his fourth and final assignment of error, Appellant argues that the trial court erred in not finding that the decision of the Real Estate Appraisal Board was an unlawful retroactive application of a change in law or policy and that such violated his constitutional rights.
 {¶ 92} Upon review, we find Appellant's arguments unpersuasive in that the AQB requirements in the instant case went into effect in April, 2000. Appellant did not apply to upgrade his license to a Certificate in June, 2004. The former Superintendent should have denied his application at that time based on the fact that he had not taken his examination within 2 years from the date of said application. The act of the current Superintendent in downgrading Appellant's Certificate back to a License was not a retroactive application of the law. Instead, the Superintendent was only applying the law that was in effect at the time of Appellant's application. *Page 21 
 {¶ 93} Appellant's fourth assignment of error is overruled.
 {¶ 94} Accordingly, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed
By: Wise, J. Farmer, P. J., and Edwards, J., concur. *Page 22 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs assessed to appellant. *Page 1